■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DAHAN, Appellant.—

The defendant was convicted, inter alia, of the murder of Maurice Reboh, an Israeli citizen who had apparently been involved in international drug trafficking. The evidence of his guilt rested almost entirely upon the testimony of two eyewitnesses, both of whom were companions of the decedent. Ben-Zion Shalom was himself apparently involved in international drug dealing. The other witness, Patricia Azizi, was a French citizen who had traveled with the two drug traffickers and was familiar with their activities. When these three individuals began lodging in the Golden Gate Motel in Brooklyn, they met the defendant who was the proprietor of the motel coffee shop.

The theory of the prosecution was that the defendant killed Maurice Reboh in retaliation for the beating Reboh had

administered upon a female friend named Fatima, who was at best a new and casual acquaintance of the defendant. The defendant, however, testified that Ben-Zion Shalom had killed Reboh in a dispute over money and their competing drug-selling enterprises.

Although we are satisfied that the defendant's guilt was proven beyond a reasonable doubt by legally sufficient evidence, and was not contrary to the weight of the evidence, his conviction must nevertheless be reversed. Patricia Azizi, the main prosecution witness, had been interviewed by French law enforcement authorities in the office of the District Attorney, concerning her knowledge of international drug trafficking. The defense demanded discovery of the transcript of this interview as *Rosario* or *Brady* material. After an in camera examination of this transcript *(see, People v Poole,* 48 NY2d 144), the court determined that the transcript "need not be turned over since it has no relevance to the case on trial". This ruling was correct at the time since the transcript concerned matters which would not relate to the subject matter of the witness's testimony (CPL 240.45 [1] [a]). However, when the prosecutor later questioned Ms. Azizi about her cooperation with French authorities in an attempt to bolster her credibility, the text of her interview became related to the subject matter of her testimony and was then discoverable *Rosario* material. At the very least the defense became entitled to a copy of this statement to ascertain whether her cooperation with French authorities occurred in a manner consistent with her testimony *(see, People v Ranghelle,* 69 NY2d 56). The court thus committed reversible error by denying the defendant's renewed request for the discovery of this document.

On retrial the prosecution must fully disclose the existence and scope of any cooperation agreements involving Ben-Zion Shalom regarding his Federal drug-trafficking conviction *(see, Giglio v United States,* 405 US 150), as the existence of such an agreement, as apparently was the case here, also bears on a witness's credibility.

We would further note that the trial court erred by refusing the defendant's request for an interested witness charge as applicable to Ben-Zion Shalom. Since the defendant's testimony implicated this witness as the murderer and the court charged that the defendant was an interested witness, the court should also have charged that Ben-Zion Shalom was an interested witness *(see, People v Brabham,* 77 AD2d 626).

In light of our determination, we need not reach the re-

maining issues. Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.