■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL MINNERLY and JOHN ANGELIS, Appellants.—Appeal by the defendant Russell Minnerly from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered April 9, 1987, convicting him of criminal sale of a controlled substance in the first degree (four counts), criminal possession of a controlled substance in the third degree, criminal sale of marihuana in the first degree, criminal possession of marihuana in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Appeal by the defendant John Angelis from a judgment of the same court, also rendered April 9, 1987, convicting him of criminal possession of a controlled substance in the first degree (four counts) and criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matters are remitted to the Supreme Court, Kings County, to hear and report on the issues of

whether (1) "Request to Buy" reports for January 2, 3 and 17, 1986, were created and, (2) if so, whether such reports are available or have been irretrievably lost, and (3) whether such reports were available at the time of trial, but withheld from the defendants, and the appeal is held in abeyance in the interim. The Supreme Court is to file its report with all convenient speed.

The defendants John Angelis and Russell Minnerly were jointly tried and convicted, *inter alia,* of numerous drug offenses in connection with a series of drug transactions with undercover police officers. At the trial, one of the undercover police officers involved in the investigation testified that standard police procedure required the preparation of "Request to Buy" reports in each instance when money was needed for a drug transaction. The defendants were provided with "Request to Buy" reports for two of the transactions underlying the instant indictment, but reports for the remaining three transactions were not turned over. The defendants' counsel jointly moved for an order in accordance with the requirements of *People v Rosario* (9 NY2d 286) to compel the People to provide them with "Request to Buy" reports for January 2, 3 and 17, 1986. The prosecutor stated simply that she did not believe the reports in question existed. In summarily denying the application the court stated "[I]f [the People] have violated [the] *Rosario* rules, then they will have a reversal". In a posttrial motion to set aside the jury verdict, the defendants repeated their claim of *Rosario* violations. Their motion was denied on the ground, *inter alia,* that the reports were duplicative equivalents of statements previously provided.

Generally, the representation of a prosecutor at trial that prior statements of a witness do not exist will suffice to resolve the issue and the court will be entitled to rely upon the representation to that effect *(see, People v Poole,* 48 NY2d 144, 149; *People v Dudley,* 147 AD2d 655, 656; *People v Ciola,* 136 AD2d 557, 558). However, it is equally well settled that where a defendant has articulated a factual basis for the assertion that a prosecutor is improperly denying the existence of *Rosario* materials or withholding such materials on the ground that they are not relevant, the trial court should conduct a hearing and examine the questioned documents in camera *(see, People v Adger,* 75 NY2d 723, 726; *People v Poole, supra).* In the instant case, although the prosecutor expressed her belief that the allegedly missing "Request to Buy" reports did not exist, the testimony adduced at trial suggests that the three reports at issue may simply have been temporarily

misplaced. Accordingly, we remit the matters to the Supreme Court for a hearing to determine whether the reports in question were ever created and, if so, whether such reports have been irretrievably lost. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.