■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY YOUNG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered April 25, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

While this appeal was pending, the prosecutor provided the defendant's appellate counsel with an addendum form to an "unusual occurrence report" which had been prepared by the police in connection with the investigation of this case. The document describes the condition of the victim's body, as observed by the "investigating officer", when the body was found. The defendant argues that the prosecutor's failure to produce this form at trial warrants reversal under the *Rosario*

rule *(see, People v Rosario,* 9 NY2d 286, 289, *cert denied* 368 US 866). We disagree.

Although there is no identification of the "investigating officer" referred to in the form, even assuming that the investigating officer was one of the two police officers who testified at trial, we are satisfied that reversal of the judgment of conviction is not required. An examination of the subject form reveals that the information contained therein is duplicative of statements contained in other police reports and documents which were provided to the defense. Moreover, the information in the subject report in no way affected the credibility of the police officers who testified at trial, much less the defendant's guilt or innocence. Accordingly, "the commonsense limits attendant to the *Rosario* rule militate against reversing a murder conviction on [that] basis" *(People v Velez,* 161 AD2d 823, 824; *see also, People v Ranghelle,* 69 NY2d 56, 63 [recognizing "commonsense limits to mandatory disclosure"]; *People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914 [no obligation to produce statements that are "duplicative equivalents"]). This is particularly so where, as here, the information in question was not disputed at trial.

In addition, we reject the defendant's contention that the introduction of evidence of uncharged crimes deprived him of a fair trial. The evidence of the defendant's prior involvement in a double homicide along with Andre Booker, the victim herein, was relevant to the issue of the defendant's motive for killing Booker *(see, People v Molineux,* 168 NY 264, 293), and its probative value far outweighed any prejudice to the defendant *(see, People v Alvino,* 71 NY2d 233, 242). The defendant's girlfriend testified that on the night before the murder, the defendant told her that he intended to kill Booker. He explained that he and Booker had shot two people and he feared that Booker would be caught and reveal the defendant's involvement in those killings. The testimony was concise and it did not include unnecessary detail *(see, People v Ventimiglia,* 52 NY2d 350, 359-360; *People v Moore,* 42 NY2d 421, *cert denied* 434 US 987). Moreover, the defendant cannot properly be heard to complain with regard to the additional information about the prior uncharged crimes which was brought out on cross-examination.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.