■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL SAUNDERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered June 10, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion which was to suppress his statement to the police.

Ordered that the judgment is affirmed.

Shortly following a purchase of crack-cocaine as part of a police "buy and bust" operation, members of the police field team attempted to break down the door of the location from which the drugs were being sold, but were unsuccessful. Several officers then gained entry to an adjacent abandoned store with a view to entering the crime scene by breaking through the back wall. The store, which was littered with debris, did not have lighting. Officer Quinn Furrs, who had made his way to the back wall of the store, was startled to find the defendant crouched in a corner. In response to Furrs' question, "Where did you come from?", the defendant responded, "The hole in the wall," simultaneously pointing to a hole approximately seven feet high on the wall. Furrs then

placed the defendant under arrest. The officers broke through the wall and into the adjoining room where they recovered 143 vials of crack-cocaine and $1040 in United States currency. The officers also observed that the hole to which the defendant had pointed allowed access to this room.

The defendant argues that his statement to Officer Furrs should have been suppressed as the result of custodial interrogation in the absence of *Miranda* warnings. We disagree. The police officer, who was in plain clothes, did not have his weapon drawn when this exchange took place. His question was merely investigatory and did not constitute custodial interrogation to which *Miranda* is applicable *(see, People v Huffman,* 41 NY2d 29; *People v Smith,* 150 AD2d 738).

We also reject the defendant's contention that the trial court improvidently exercised its discretion by closing the courtroom during the testimony of the undercover police officer. The court conducted a hearing during which it was revealed that the officer continued to work in an undercover capacity in Brooklyn and, furthermore, that his identity had been questioned and he had been threatened with physical harm on two prior occasions. The court properly concluded that closure was necessary to protect the officer's safety and the integrity of ongoing police operations *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946; *People v Planes,* 158 AD2d 481; *People v Hinton,* 31 NY2d 71, *cert denied* 410 US 911; *People v Richards,* 157 AD2d 753, *lv granted* 76 NY2d 795).

The defendant's claim that he was prejudiced by the People's delay in producing *Rosario* material is unpreserved for appellate review because he never moved for a mistrial or requested any other sanction on this ground *(see,* CPL 470.05 [2]; *People v Provenzano,* 154 AD2d 486). In any event, the defendant has failed to demonstrate that he was substantially prejudiced by the delay *(see, People v Martinez,* 71 NY2d 937; *People v Ranghelle,* 69 NY2d 56). The material was produced before defense counsel examined the witness at trial and, furthermore, was duplicative of the witness's testimony at the suppression hearing.

We find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contention and find it to be without merit. Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.