■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL MINNERLY and JOHN ANGELIS, Appellants.—Appeal by the defendant Russell Minnerly from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered April 9, 1987, convicting him of criminal sale of a controlled substance in the first degree (four counts), criminal possession of a controlled substance in the third degree, criminal sale of marihuana in the first degree, criminal possession of marihuana in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Appeal by the defendant John Angelis from a judgment of the same court, also rendered April 9, 1987, convicting him of criminal possession of a controlled substance in the first degree (four counts) and criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. By decision and order dated June 18, 1990, this court remitted the matter to the Supreme Court, Kings County, to hear and report on the issues of (1) whether "Request to Buy" reports for January 2, 3, and 17, 1986, were created and, (2) if so, whether such reports are available or have been irretrievably lost, and (3) whether such reports were available at the time of trial, but withheld from the defendants, and the appeal was held in abeyance in the interim (see, People v Minnerly, 162 AD2d 627; People v Angelis, 162 AD2d 627). The Supreme Court, Kings County (Kramer, J.) has conducted a hearing and has now submitted its report to this court.

Ordered that the judgments are affirmed.

After a hearing conducted pursuant to this court's direction, the Supreme Court determined that a Request to Buy report dated December 31, 1985, which sought funds for the drug transactions on January 2 and 3, 1986, and another report dated January 16, 1986, which sought funds for the transaction on January 17, 1986, were created prior to trial, were temporarily lost or misplaced during trial, but have since become available. We now find that the statements in these reports either are the duplicative equivalent of statements contained in other disclosed reports or do not relate to the subject matter of any prosecution witness's testimony. Therefore, there was no *Rosario* violation warranting a new trial.

It is fundamental that the prosecution must provide to the defense "[a]ny written or recorded statement * * * made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony" (CPL 240.45 [1] [a]; *see also, People v Jones,* 70

NY2d 547). A new trial is necessary whenever the "prosecution inadvertently neglect[s] to turn over statements in their possession or within their power to produce" *(People v Haupt,* 71 NY2d 929, 930). In the instant case, the report dated December 31, 1985, was not prepared by any prosecution witness and, consequently, does not constitute *Rosario* material which the prosecutor was under an obligation to disclose *(see, People v Gardner,* 162 AD2d 466).

In addition, although the report dated January 16, 1986, was prepared by a police officer who testified for the prosecution, most of the statements contained therein were duplicative of statements contained in reports disclosed to the defendants before trial *(see, People v Saunders,* 174 AD2d 700; *People v Newell,* 173 AD2d 864; *People v Winthrop,* 171 AD2d 829). Contrary to the defendants' position, the claim of duplicative equivalence has been preserved for appellate review.

Further, we acknowledge that the report's statement that the January 17th drug transaction would involve $48,000 was not duplicated in the disclosed reports and differed from the trial testimony that only $43,000 was involved. However, since the money has not exchanged during that transaction and was merely displayed to the defendants prior to their arrest, this discrepancy in no way affected the police officers' credibility or the defendants' guilt or innocence. Under these circumstances, the "commonsense limits attendant to the *Rosario* rule militate against [a reversal]" *(People v Young,* 172 AD2d 790, 791; *People Velez,* 161 AD2d 823).

We have considered the defendants' remaining contentions, including those raised by the defendant Minnerly in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.