■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE JONES, Appellant. [621 NYS2d 870] —Appeal from judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered June 3, 1991, convicting defendant, after jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously held in abeyance and the matter remitted for a reconstruction hearing to determine whether defendant was present at the *Sandoval* hearing held on April 22, 1991 *(People v Michalek,* 82 NY2d 906).

The hearing court properly found that the police had probable cause to arrest defendant, based upon an identified citizen's report, made in furtherance of prior discussion with a particular detective, that the informant could lead the officers to a person who had murdered a named individual *(see, People v Chipp,* 75 NY2d 327, 339-340, *cert denied* 498 US 833).

Appellate review of defendant's claim that he was denied his right to be present during various sidebar conferences is precluded by defendant's failure to provide a record in support of that claim *(see, People v Walker,* 202 AD2d 312, *lv denied* 83 NY2d 972).

Based on the available record, and in the absence of any additional background facts that might have been developed had an appropriate post-judgment motion been made pursuant to CPL 440.10 *(People v Love,* 57 NY2d 998, 1000), we cannot conclude that defendant's trial counsel was ineffective *(People v Baldi,* 54 NY2d 137).

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.