■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ALTON LINESZY, Appellant. [622 NYS2d 325] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered June 15, 1992, convicting him of attempted murder in the second degree, assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the issues of (1) whether a complaint report against the defendant was prepared for an incident alleged to have taken place on January 1, 1991, and (2) if so, whether that report is available or has been irretrievably lost, and (3) whether that report was available at the time of trial, but withheld from the defendant, and the appeal is held in abeyance in the interim. The Supreme Court is to file its report with all convenient speed.

The defendant was convicted of several crimes in connection with the shootings of his father and his uncle. At the trial, the defendant's father testified that on January 1, 1991, six months prior to the shootings, the defendant assaulted him with a bat. When defense counsel asked the prosecutor for a police report concerning the prior assault, the prosecutor simply stated that she could not retrieve any existing report without a complaint number. Since the complaint report related to the father's direct testimony, the defendant had a right to examine it, if it existed, for purposes of impeachment *(see, People v Rosario,* 9 NY2d 286; *People v Dahan,* 158 AD2d 708; *see also, People v Ranghelle,* 69 NY2d 56). Thus, because the record before us suggests that a report may have been created, we remit the matter to the Supreme Court for a hearing to determine (1) whether a report was created and (2) if so, whether that report is available or has been irretrievably lost, and (3) whether that report was available at the time of trial, but withheld from the defendant *(see, People v Minnerly,* 162 AD2d 627). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.