■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY COLLINS, Appellant. [625 NYS2d 222] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered February 24, 1992, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

Defendant's claim that the detective improperly testified to the complainant's pretrial photographic identification of de-

fendant is unpreserved for review as a matter of law *(People v Fleming,* 70 NY2d 947), and we decline to review it in the interest of justice. If we were to review it, we would find that since reference to the photographic identification, as well as to descriptions of the perpetrator communicated to the police by the complainant prior to trial, was contained in a report prepared by the detective that was moved into evidence by defendant himself during his cross-examination of the detective, without redaction and without a request for limiting instructions, it was proper for the prosecution on its redirect examination of the detective to elicit information concerning the photographic identification and descriptions of the perpetrator that was derived directly from the report *(see generally, People v Melendez,* 55 NY2d 445, 451-452). Also unpreserved as a matter of law are defendant's challenges to the prosecutor's summation *(People v Tardbania,* 72 NY2d 852), and counsel's very lack of objection suggests the lack of prejudice arising therefrom *(see, People v Rodriguez,* 103 AD2d 121, 129). Were we to review in the interest of justice, we would find that while the prosecutor's tailoring argument was improper, it does not by itself warrant reversal *(People v Moses,* 178 AD2d 109, *lv denied* 79 NY2d 922), and that if it was questionable for the prosecutor to urge the jurors to look at one another for 10 seconds, the duration of the crime, in order to evaluate the complainant's ability to remember defendant's face, such an argument can be viewed as simply inviting the jurors to apply common sense and to call upon their own life experience. Here, too, there was no preservation of the issue. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.