■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YULL GARY MORALES, Appellant. [628 NYS2d 284] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered May 14, 1992, convicting defendant, after jury trial, of murder in the second degree (felony murder), manslaughter in the first degree, two counts of robbery in the first degree, and two counts of robbery in the second degree, and sentencing him to concurrent terms of 25 years to life on the murder count, $8^1/_3$ to 25 years on the manslaughter and first degree robbery counts, and 5 to 15 years on the second degree robbery counts, unanimously affirmed.

Viewing the evidence at trial in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of each and every element of the crimes charged was proven by overwhelming evidence (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932). Although defendant elicited testimony from a medical expert that the deceased's injury could have resulted from falling onto a knife, an independent review of the facts indicates that the jury accorded appropriate weight to the credible evidence and properly found that defendant intentionally participated in the robbery scheme and intended to cause serious physical injury to the deceased (*People v Bleakley*, 69 NY2d 490).

Giving due deference to the hearing court's credibility determinations (*People v Fonte*, 159 AD2d 346, *lv denied* 76 NY2d 734), the hearing testimony established that the police were invited into defendant's home by a person of requisite authority (*People v Cosme*, 48 NY2d 286, 290), and that defendant could not have reasonably believed he was under arrest when he agreed to accompany the officers to the precinct for an interview in connection with an ongoing investigation (*People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851). The brief questioning of defendant following discovery of a knife in his pocket was permissible because it was intended to ascertain the nature of the situation during initial investigation of a crime, rather than to elicit evidence of a crime (*see, People v Johnson*, 59 NY2d 1014, 1017 [Jasen, J., concurring], citing *Miranda v Arizona*, 384 US 436, 481). In this connection, questioning following a frisk, in the absence of other factors equivalent to a formal arrest, does not constitute custodial interrogation (*People v Morales*, 65 NY2d 997). Thereafter, questions posed to

defendant which resulted in oral, written and videotaped statements were preceded by *Miranda* warnings. As defendant indicated that he understood and waived his rights, those statements were properly admitted. Further, statements made by defendant to his cohorts at the precinct were not the product of any police questioning or its equivalent, and thus also were properly admitted (*People v Rivers*, 56 NY2d 476, 479).

Defendant did not request at trial that videotaped statements of individuals not prosecuted in this case be turned over as *Brady* and *Rosario* material, and thus did not preserve his current claims of a *Rosario* violation (*People v Saunders*, 210 AD2d 164, *lv denied* 84 NY2d 1038) and a *Brady* violation (*People v Anderson*, 205 AD2d 399, *lv denied* 84 NY2d 932). In any event, the two statements in question did not constitute *Rosario* material as neither individual in question testified (*see, People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866), and even counsel for the co-indictee, whose application did not preserve the issue on defendant's behalf (*see, People v Buckley*, 75 NY2d 843, 846) did not set forth any basis for belief that the two statements in question contained potentially exculpatory material (*see, People v Andre W.*, 44 NY2d 179, 184).

Defendant failed to preserve by appropriate objection his current claim that protective orders in connection with three of the People's witnesses were improperly granted (CPL 470.05; *People v Boone*, 194 AD2d 407, *lv denied* 82 NY2d 922). Further, at trial, defendant merely requested additional time to prepare for cross-examination of one of the witnesses covered by protective order. This request was granted, and as defendant did not argue at trial that he was unduly prejudiced by the delay of the *Rosario* material in connection with the witnesses covered by protective order, he failed to preserve his current claim that he was prejudiced because the delay hindered his opportunity to counter the testimony of those witnesses (*see, People v Saunders*, 174 AD2d 700, 701). In this connection, contrary to defendant's argument on appeal, his counsel had ample opportunity to cross-examine the witnesses in question, raising issues regarding their relationship to defendant and the bases for their testimony.

Defendant's claim that he was denied his right to be present at all material stages of his trial because he was not present at court calendar calls between the end of the pretrial hearing and the commencement of trial, involving a co-indictee who was not tried with defendant, and when the protective orders were granted in connection with three prosecution witnesses, is meritless. Initially, defendant has failed to provide any rec-

ord to indicate that the court calendar calls between the suppression hearing and the commencement of trial involved anything other than administrative and scheduling matters, and thus his claim that his absence during those calendar calls constituted a denial of his right to be present at all material stages of his trial is unreviewable (see, *People v Jones*, 211 AD2d 551). In this connection, we note that the available record indicates that defendant's counsel was present at all but one of the calendar calls in question and that in any event nothing more than administrative and scheduling matters was accomplished. Concur—Sullivan, J. P., Rubin, Asch and Williams, JJ.