196

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN BARROSO, Appellant. [643 NYS2d 101]

Defendant's claim that it was error to permit the People to elicit, on its rebuttal case, testimony from a detective and an identifying witness concerning a photographic identification that preceded a lineup identification is unpreserved for review (*People v Beejack*, 188 AD2d 273, *lv denied* 81 NY2d 881), and we decline to review it in the interest of justice. If we were to review it, we would find that defendant had affirmatively placed the existence and integrity of a photographic identification in issue, thereby opening the door to the rebuttal evidence (*People v Collins*, 214 AD2d 483, *lv denied* 86 NY2d 733). We also reject defendant's claim that the prosecutor improperly adduced evidence of the codefendant's "guilt", no reference having been made to codefendant's conviction or guilty plea, but only to the fact that some of the proceeds of the burglary were recovered from his possession (*compare, People v Colascione*, 22 NY2d 65, 73-74; *People v Martinez*, 164 AD2d 826, *lv denied* 76 NY2d 1022). Concerning the prosecutor's summation, since defendant failed to call the very witnesses essential to his alibi defense, the prosecutor could comment in good faith on their absence, without a showing of availability and control, criteria that apply only in the context of a missing witness instruction (*People v Tankleff*, 84 NY2d 992). We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ross and Tom, JJ.