■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERON SEELEY, Appellant. [648 NYS2d 111] —Appeal by the defendant from two judgments of the County Court, Westchester County (Pirro, J.), both rendered April 26, 1993, convicting him of (1) murder in the second degree, criminal possession of a weapon in the second degree, reckless endangerment in the first degree, and assault in the third degree under Indictment No. 92-00560, upon a jury verdict, and (2) criminal possession of a controlled substance in the fifth degree under Indictment No. 92-01079, upon his plea of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgments are affirmed.

The defendant contends that his inculpatory statements should have been suppressed because his right against self-incrimination was violated. The defendant's contention is unavailing since he made his inculpatory comments, which were not prompted, coerced, or coaxed from him after he was twice advised of his *Miranda* rights and after he waived his rights *(see, People v Santiago,* 72 NY2d 836). Indeed, the defendant, an admitted second violent felony offender, informed the police that he had heard the rights before and understood them.

For his crime of shooting into a group of people resulting in the death of one victim, the defendant was charged, *inter alia,* with two counts of murder in the second degree, one count charging intent and the other charging depraved indifference (Penal Law § 125.25 [1], [2]). After a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350), the court allowed the People to elicit testimony from one of their witnesses that the defendant had threatened him with a gun one week prior to the instant shooting. The defendant contends that the admission of his alleged uncharged crime was error. We disagree. The *Ventimiglia* ruling was proper since the testimony of the uncharged crime was probative in establishing the defendant's intent and motive in shooting into a group that included the witness he had threatened only a week ago *(see, People v Young,*

172 AD2d 790, *mod on other grounds* 79 NY2d 365; *People v Liberatore,* 167 AD2d 425).

The defendant's *pro se* contention that the detectives' testimony concerning the pretrial photographic identification of him deprived him of a fair trial is unpreserved for appellate review *(see, People v Barroso,* 228 AD2d 196; *People v Collins,* 214 AD2d 483). In any event, the defendant opened the door by inquiring of two witnesses about their photographic identification at the precinct and in attempting to impugn their identification *(see, People v Rosado,* 172 AD2d 700; *People v Almonte,* 135 AD2d 824; *People v Francis,* 123 AD2d 714).

Also unavailing is the defendant's *pro se* contention that he was deprived of meaningful representation by counsel. The record, on the whole, demonstrated that his counsel was knowledgeable in the facts of the case and mounted a vigorous defense based on a theory of mistaken identity *(see, People v Benn,* 68 NY2d 941; *People v Pollard,* 220 AD2d 463; *see also, People v Rivera,* 71 NY2d 705, 709).

Contrary to the defendant's contentions, the sentences imposed are not grossly disproportionate to the crime or violative of the constitutional proscription against cruel and unusual punishment. The defendant's act of shooting into a group of people underscores his disregard for human life and reveals that he is a dangerous threat to society *(see, People v Thompson,* 83 NY2d 477, 479-480; *People v Broadie,* 37 NY2d 100, 110; *People v Bedell,* 210 AD2d 922, 928).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Miller, J. P., Pizzuto, Joy and McGinity, JJ., concur.