■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR AUSTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered July 11, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err in failing to direct the People to turn over the Grand Jury synopsis sheet and the data analysis form to defense counsel pursuant to People v Rosario (9 NY2d 286, cert denied 368 US 866), as neither contained an abbreviated summary of an interview with any of the People's witnesses (see, People v Adger, 144 AD2d 475; People v Williams, 128 AD2d 912, lv denied 69 NY2d 1011). Moreover, the material at issue is duplicative of statements previously turned over to defense counsel, and thus the defendant was not, in any event, entitled to its disclosure (see, People v Ranghelle, 69 NY2d 56; People v Consolazio, 40 NY2d 446).

The defendant challenges his adjudication as a persistent violent felony offender on the basis that, inter alia, the 1976 and 1977 convictions cited in the People's predicate felony statement were unconstitutionally obtained. Having failed to demonstrate good cause for his failure to challenge the constitutionality of the 1976 conviction upon his sentencing in 1977,

the defendant has waived any allegation of unconstitutionality thereof *(see,* CPL 400.21 [7] [b]; *People v Williams,* 133 AD2d 871; *People v Lopez,* 123 AD2d 360). Similarly, by failing to seek review of the 1977 second felony offender adjudication by way of direct appeal or appropriate postjudgment motion, the defendant has waived his contention that the adjudication was erroneous because the attorney who represented him in 1977 was the same attorney who represented him in 1976 and thus would not challenge the use of the 1976 conviction as a predicate on the basis that the defendant was denied effective assistance of counsel in 1976 *(see,* CPL 400.21 [8]; *People v Williams, supra).* While CPL 400.21 (8) does not preclude the defendant from challenging the constitutionality of the 1977 conviction itself, as a finding of constitutionality of that conviction was not a prerequisite to the 1977 second felony offender adjudication, we concur in the sentencing court's determination that the defendant failed to establish that his 1977 conviction was obtained in violation of his rights under the Constitution of the United States *(see,* CPL 400.15 [7] [b]).

We have considered the defendant's remaining contentions, including his claim that the sentence imposed was unduly harsh, and find them to be without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.