■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM JAMISON, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence H. Bernstein, J.), rendered April 6, 1988, which convicted defendant, after a jury trial, of attempted burglary in the third degree, possession of burglar's tools, and criminal mischief in the fourth degree, and sentenced him, as a predicate felon, to an indeterminate term of imprisonment of from 2 to 4 years on the attempted burglary count and concurrent determinate terms of one year on the remaining counts, unanimously affirmed.

We reject defendant's claim that his guilt was not proven beyond a reasonable doubt because the undercover officers were without a sufficient opportunity to accurately identify him. The evidence adduced at trial established that the officers twice observed defendant as they passed him and his accomplice as they were attempting to break into the newstand, once when they were within two or three feet of the men. Furthermore, their observations of criminal activity were corroborated by the motioning of the token booth clerk and defendant's flight and abandonment of the crowbar used in the attempted burglary. Under these circumstances, and recognizing that the weight accorded identification testimony is a question for the trier of fact *(People v Mosley,* 112 AD2d 812, 814), the jury could reasonably find that the People had proven defendant's guilt beyond a reasonable doubt and that the officers had accurately identified defendant as the perpetrator of the crime. *(People v Contes,* 60 NY2d 620, 621.)

Defendant's claim that he was denied a fair trial because of the prosecutor's summation remarks which, *inter alia,* characterized defense counsel and defendant as being "creative" with the facts and suggested that the jury would have to believe the officers had fabricated their version of the events as a predicate to finding defendant not guilty, is without merit. The remarks were responsive to defense arguments *(People v Morgan,* 66 NY2d 255, 259), and any error must, in light of the overwhelming evidence of defendant's guilt, be deemed harmless *(People v Crimmins,* 36 NY2d 230, 242). Defendant's remaining arguments in this regard have not been preserved for review. Were we to address such arguments on their merits, we would find them to be without merit. Defendant's *pro se* arguments are likewise unpersuasive. Concur—Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.