■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ANDERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 26, 1988, convicting him of rape in the first

degree (three counts) and sodomy in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 29, 1986, sometime after 4:00 A.M., the defendant and two others allegedly raped and sodomized the complainant at the housing project where she lived and where the defendant and one of the other alleged assailants were security guards. During the trial, after the complainant had completed her testimony, an issue arose regarding the failure of the People to disclose certain information pertaining to a civil action commenced by the complainant arising out of the attack. The codefendant's counsel requested and the court granted the defendant and the codefendant an opportunity to examine the relevant files, after which the court ruled that they could recall the complainant for further cross-examination. Neither the defendant nor the codefendant recalled the complainant. Instead, the codefendant's counsel requested and the People agreed to a stipulation, read to the jury, informing them that the complainant had commenced a civil suit seeking $1,000,000 in damages. After the jury rendered its verdict of guilt, the defendant moved to set aside the verdict alleging *Rosario* and *Brady* violations. A hearing was held, following which the court denied the defendant's motion.

The defendant's contention that the court erred in determining that the complaint and bill of particulars in the complainant's civil action were not *Rosario* material is unpersuasive *(see,* CPL 240.45; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). It is clear from the record that the pleadings in the civil action were drafted by the complainant's attorney in that case and were not the complainant's statements. In fact, as the complainant's attorney in the civil action testified at the hearing, he had never met nor did he ever speak to the complainant. The documents were prepared from his general knowledge with respect to the nature of the attack and from information extracted from his investigator's intake sheet, which had been turned over to defense counsel in a timely fashion. Moreover, to the extent that information in the pleadings was based on the complainant's statements to the investigator sent by the civil attorney to interview her, they are the duplicative equivalents of the investigator's notes. Therefore, it was not error to fail to turn over material which would have been cumulative only *(see, People v Ranghelle,* 69 NY2d 56; *see also, People v Austin,* 148 AD2d 542). Even if the pleadings had constituted *Rosario* material, reversal would not be warranted as the People's delay in turning

them over to the defendant did not substantially prejudice him since the court offered the defendant and his codefendant an opportunity to examine the papers, after which the court indicated that it would allow them to recall the complainant for further testimony *(see, People v Martinez,* 71 NY2d 937; *see also, People v Barreto,* 143 AD2d 920).

Finally, to the extent that the People may have violated the principles of *Brady v Maryland* (373 US 83, 87) in not disclosing the fact that the complainant had brought a civil action against various management and security companies involved with the building in which the attack occurred *(see, Giglio v United States,* 405 US 150, 154; *People v Wallert,* 98 AD2d 47, 50),* reversal is not required since the defendant was given a meaningful opportunity to use the purportedly exculpatory material to cross-examine the complainant *(see, People v Cortijo,* 70 NY2d 868; *see also, People v Dunn,* 149 AD2d 528). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.