■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ROGELIO, Appellant.—Judgment, Supreme Court, Bronx County (Antonio Brandveen, J.), rendered September 15, 1987, convicting defendant, after a jury trial, of robbery in the first degree (Penal Law § 160.15 [4]) and sentencing him to an indeterminate term of imprisonment of from 4 to 12 years, is affirmed.

In the sole issue raised on appeal, defendant argues that the prosecutor failed to turn over a writeup sheet containing the statements of a prosecution witness, Police Officer Wesley Mason, as required under *People v Rosario* (9 NY2d 286, *rearg*

*denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765). The *Rosario* material at issue had come to defense counsel's attention at some time prior to the commencement of trial, and he had requested that the Trial Assistant provide him with a copy.

At the conclusion of the trial court's charge to the jury, the matter was brought to the court's attention. Stressing that he raised the matter "with some reluctance" and wanted "the record [to] be clear" that he was not "patronizing *[sic]*" the ADA, for whom he had "a high regard", defense counsel stated that, although the ADA "indicated to me that he would provide me with" the *Rosario* material, "he unfortunately neglected to [and] I didn't realize until just during the court's charge when I saw it on counsel's table". On appeal, defendant contends that these circumstances constitute a *Rosario* violation requiring reversal and the grant of a new trial. We disagree.

The rule is well established that the prosecutor is under a general obligation to provide defense counsel with all pretrial statements of prosecution witnesses *(People v Rosario, supra,* at 289) and that this material includes worksheets prepared by the prosecutor. *(People v Consolazio,* 40 NY2d 446, 453.) The purpose of this salutary rule is to "afford the defendant a fair opportunity to cross-examine the People's witnesses at trial". *(People v Poole,* 48 NY2d 144, 149.) However, application of the *Rosario* rule is always subject to "common sense limits". *(People v Ranghelle,* 69 NY2d 56, 63 [and cases cited therein].) A review of the record before us persuades that such a line must be drawn here.

Despite the prosecutor's candidly admitted lapse of memory with respect to the particular statement in question—other *Rosario* material having previously been provided—defense counsel could easily have avoided the disadvantage and prejudice which are now claimed on appeal by simply reminding the ADA. The pretrial statement was contained in the ADA's trial folder, which the record establishes was carried into the courtroom on every day of the trial. In the postcharge colloquy on the matter, defense counsel gave no reason for not having reminded the ADA, and we can only assume, as the ADA states in the record, that "[I]t would appear he [also] forgot about it".

Thus, contrary to the circumstances and analysis in the case law relied upon by our dissenting colleague, this situation does not constitute a "withholding" of *Rosario* material, either

deliberate or otherwise. *(See, e.g., People v Perez,* 65 NY2d 154, 158-159 [prosecution refused to provide the transcript of a taped telephone conversation between a prosecution witness and defendant's relative, arguing, *inter alia,* that *Rosario (supra)* had no application to private parties]; *People v Ranghelle, supra,* at 60 [prosecution failed to timely produce a police complaint report because, despite good-faith efforts to obtain it, the report was not in the Trial Assistant's possession]; *People v Jones,* 70 NY2d 547, 549 [prosecution failed to turn over five pages of notes pertaining to a paid confidential informant, as well as a DEA-6 form "debriefing" the witness, and conceded the error, but argued it was harmless].) Nor is this case analogous to one in which the prosecutor relies upon the defense counsel's knowledge of, and equal access to, via subpoena, the material sought. *(See, People v Ranghelle, supra,* at 64.)

Rather, the record before us establishes that the prosecutor told defense counsel that "he was welcome to [the material]" but then "quite frankly * * * forgot about it". While forgetfulness would not normally constitute a valid excuse, we are not persuaded that it falls into the category of "withholding" in this case, since it was defense counsel's own inattention that ultimately resulted in his not obtaining the material. In short, the prosecutor was willing and able to comply, and the sole obstacle was a lapse in memory which, if excusable for defense counsel who proceeded to cross-examination of the witness without first obtaining *Rosario* material, must, surely, be excusable for his adversary. Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.

Smith, J., dissents in a memorandum as follows: I would reverse the conviction and remand for a new trial because the People failed to meet their affirmative obligation to provide the defense with *Rosario* material reflecting prior statements made by a prosecution witness. (CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]; *People v Ranghelle,* 69 NY2d 56 [1986].)

The defendant was convicted for the September 9, 1986 robbery at gunpoint of a taxicab driver. His sole contention on appeal is that failure of the People to provide his trial counsel with the District Attorney's complaint room writeup sheet on this case constitutes per se reversible error. *(People v Rosario, supra; People v Ranghelle, supra.)*

The defendant contends, and the People do not dispute, that Police Officer Wesley Mason, to whom the complainant Linton Brown reported the crime, made statements to an Assistant

District Attorney regarding what he had been told by Brown. It is these statements by the complainant Brown to Officer Mason which the defendant maintains are reflected in the writeup sheet. Such interview summaries, drawn from prior statements of witnesses to police officers, constitute *Rosario* material. *(People v Consolazio,* 40 NY2d 446, 453 [1976].)

At trial, upon conclusion of the court's charge of the jury and prior to deliberations, defense counsel raised this *Rosario* claim in the following colloquy:

"THE COURT: There was something I think one of you or both of you wanted to talk about.

"MR. MARINACCIO [defense counsel]: Yes, Judge, and it is with some reluctance I bring this up. There was an item of Rosario material, your Honor, that Mr. Cascione had indicated to me that he would provide me with * * *

"THE COURT * * * go ahead.

"MR. MARINACCIO:—which he unfortunately neglected to provide to me, which I didn't realize until just during the Court's charge when I saw it on counsel's table. And that is, the District Attorney's Criminal Court file in this case which contains a writeup of a statement given by apparently Police Officer Mason to the Assistant District Attorney.

"That, I have reviewed that now, for the first time, and it did contain inconsistencies with his testimony and with the testimony of Mr. Brown concerning which defendant or which perpetrator did what and which perpetrator the defendant is. And quite frankly, Judge, I can't say that I would not have used that had I been aware of it during my cross-examination of both Mr. Brown and Officer Mason and I'm saying that for the record because it has come to my attention.

"THE COURT * * * How long have you had this folder in the courtroom?

"MR. CASCIONE [Assistant District Attorney]: Every day, Judge.

"THE COURT: It's been sitting up there every day?

"MR. CASCIONE: It's been with me every day. * * * I vaguely recall a discussion with Mr. Marinaccio back before we started and I told him he was welcome to it and quite frankly I forgot about it. It would appear he forgot about it and it's been here every day. Since it's not something I as a matter of course usually turn over * * * because it's in the nature of work product of the District Attorney's office rather than something * * * that is a quote or attributed to anybody, but I would

have [turned it over to] Mr. Marinaccio, had I not frankly forgotten and he failed to remind me. It's not something we can do a lot about at this point."

Brown testified that the robbery was committed by the defendant along with an unapprehended cohort, but that it was the defendant who first got into the taxicab, threatened him with a gun, took his money and watch and then forced him out of the taxicab. Officer Mason testified on cross-examination that Brown had told him that it was the unapprehended perpetrator who had taken his watch and money and who had forced him out of the taxicab. The writeup sheet, as set forth in the appellant's brief and not contested by the People, includes a statement that the unapprehended perpetrator was the first to enter the taxicab and that it was the defendant who put a gun to Brown's head and took money from Brown. Thus, the document reflects inconsistencies with the testimony of both Brown and Mason.

Nonetheless, this court need not engage in speculation as to how the document might have been utilized by the defense at trial. *(People v Rosario,* 9 NY2d, *supra,* at 289-290; *People v Jones,* 70 NY2d 547 [1987].)

Here, the delay in providing defense counsel with the document until after the court had begun to charge the jury is tantamount to a complete failure to deliver the item. "The failure constitutes per se error requiring that the conviction be reversed and a new trial ordered *(see, People v Perez,* 65 NY2d 154, 159-160 * * *)." *(People v Ranghelle,* 69 NY2d, *supra,* at 63; *People v Jones,* 70 NY2d, *supra,* at 553.) The fact that defense counsel may have had knowledge of or access to the document is of no moment. *(People v Ranghelle,* 69 NY2d, *supra,* at 64.)

It does not matter here whether the failure to turn over the material was deliberate or not. The point is that *Rosario* material must be turned over to the defendant and "[i]t matters not that the denial may have been inadvertent or immaterial." *(People v Jones,* 70 NY2d 547, 553, *supra.)* Moreover, the good faith of the prosecution in attempting to deliver the material is not a basis for refusing to apply the *Rosario* rule. *(People v Jones, supra; People v Ranghelle,* 69 NY2d, *supra,* at 64.) Finally, the defendant has no burden to ask for *Rosario* material or to remind the prosecutor that it should be turned over.