■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO VELEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered April 6, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the sentence imposed on the defendant's conviction of criminal possession of a weapon in the second degree from 7½ to 15 years' imprisonment to 5 to 15 years' imprisonment; as so modified, the judgment is affirmed.

During the course of defense counsel's cross-examination of prosecution witness Police Officer Robert Thunelius, it was revealed that certain notes, made by the officer during his investigation of the incident, had not been turned over to the defense. The notes in question referred, specifically, to the items recovered from the victim's body, the location of these items and a description of the clothing worn by the victim at the time of the discovery of the body. The defendant, on appeal, contends that the notes in issue constituted *Rosario* material *(see, People v Rosario,* 9 NY2d 286, cert denied 368 US 866) and that the prosecution's failure to produce these notes warrants a reversal of his conviction and a new trial. We disagree.

In *People v Consolazio* (40 NY2d 446, 454), the Court of Appeals noted that "a failure to turn over *Rosario* material may not be excused on the ground that such material would have been of limited or of no use to the defense, or that a witness' prior statements were totally consistent with his

testimony at trial". Despite the strong presumption of the discoverability of *Rosario* material, the Court of Appeals has, nevertheless, recognized that there are "commonsense limits to mandatory disclosure" *(see, People v Ranghelle,* 69 NY2d 56, 63; *People v Rogelio,* 160 AD2d 359). Thus, it has been held that the prosecution is under no obligation to produce statements that are "duplicative equivalents" of statements previously turned over to the defense *(People v Consolazio, supra,* at 454; *People v Payne,* 52 NY2d 743).

In this case the record reveals that although the defense was not provided with Officer Thunelius' memo-book entries, which, apparently, were in his home in Florida, the defense did have in its possession that officer's UF-61 and body identification reports as well as a color photograph of the victim's body. After examining the contents of the officer's memo-book, it is clear that the insignificant information contained therein, to the extent that it related to the subject matter of his trial testimony, was duplicative of the statements contained in the police reports which the officer prepared and which the defense had in its possession. Although we acknowledge that one of the entries in the memo-book, namely, that the deceased was wearing white socks at the time of the discovery of his body, did not appear in the materials which had been turned over to the defense, the commonsense limits attendant to the *Rosario* rule militate against reversing a murder conviction on the basis of the hosiery worn by the decedent, particularly where, as here, the officer testified as to this detail at trial, the information was independently corroborated by a color photograph of the victim's body and the information in no way affected the officer's credibility, much less the defendant's guilt or innocence.

The defendant also contends that the prosecution violated the *Rosario* rule by failing to produce all of the entries contained in the memo-book of another police detective who was involved in the homicide investigation. Upon review of the record, we find that the information referred to by the defendant did not relate to the subject matter of the detective's testimony *(see, People v Taylor,* 102 AD2d 944, 946, *affd* 65 NY2d 1) and, thus, did not constitute *Rosario* material *(see, People v Ranghelle, supra,* at 62).

The defendant's challenge regarding the propriety of the search warrant and the seizure of evidence is without merit.

We have also examined the defendant's claim regarding the propriety of his sentence and have modified the judgment

accordingly. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.