■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO TORO, Appellant.—Judgment of the Supreme Court, Bronx County (Frank Torres, J.), rendered on March 2, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing him, as a second felony offender, to concurrent indeterminate terms of imprisonment of from 4½ to 9 years, and judgment which denied his *pro se* motion to vacate the judgment of conviction unanimously affirmed, with costs.

Defendant's conviction arises out of a buy-and-bust operation. It is submitted that defendant has failed to prepare an adequate record upon which to review his *Rosario* violation claims. *(People v Marcano,* 157 AD2d 533.) No application for a mistrial was made on the basis of a *Rosario* violation. *(People v Hentley,* 155 AD2d 392, *lv denied* 75 NY2d 919.) When the officer first referred to a DD-5 in his testimony, defense counsel made no request for it at that time. Where a defense counsel's inattention results in failing to obtain a police report, this does not constitute a withholding of *Rosario* material. *(People v Rogelio,* 160 AD2d 359.)

Defendant is not prejudiced by the loss on appeal of defendant's arrest photograph. This goes to identification which is properly left for the jury's resolution. *(People v Jamison,* 155 AD2d 369.)

The totality of the circumstances indicate that defendant was afforded meaningful representation. *(People v Baldi,* 54 NY2d 137, 146 [1981].) Defense counsel presented a viable defense of misidentification, repeatedly attempted to impeach the officers' credibility by their failure to provide a more detailed description and highlighted the absence of any additional incriminating evidence such as additional drugs or prerecorded buy money.

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.