■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER WINTHROP, Also Known as JOSEPH FRANK REGAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered November 21, 1988, convicting him of scheme to defraud in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with scheme to defraud in the first degree in connection with the solicitation and collection of entrance fees for a children's beauty pageant which he had no intent to arrange. The defendant argues, *inter alia,* that the court erred in denying his motion to strike the investigating police officer's testimony on the ground that the officer's notes and logs pertaining to the investigation were requested by him and their nonproduction was prejudicial to him.

During the course of the defense counsel's cross-examination of that officer, it was revealed that certain handwritten notes made by the officer during the investigation of the incident had not been turned over to the defendant and that, in place of the handwritten notes, the defendant was given a typed version. Subsequent questioning further revealed that the handwritten notes had been destroyed. The officer testified that the notes in question contained statistical information such as the fact that several complaints were received by her regarding the defendant, that several complainants had actually met with the defendant and had given him checks for the beauty pageant, and names of some of the witnesses and complainants she interviewed. An examination of the typed version confirmed the officer's testimony as to the nature of the contents. Under these facts, we find that the court did not improvidently exercise its discretion when it denied the defendant's motion to strike the officer's trial testimony.

As a general rule, a defendant has a right to inspect the prior statements of prosecution witnesses, prior to cross-examination, for impeachment purposes *(see, People v Rosario,* 9 NY2d 286, 289, *cert denied* 368 US 866). Notwithstanding the foregoing, it has been held that there is no obligation on the People to produce statements that are "duplicative equivalents of statements previously turned over to the defense" *(People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914; *see, People v Ranghelle,* 69 NY2d 56, 63; *People v Velez,* 161 AD2d 823; *People v Austin,* 148 AD2d 542, *mod on other*

*grounds* 75 NY2d 723). In the present case, unlike *People v Wallace* (76 NY2d 953), the notes did not contain direct evidence of the defendant's guilt. The officer testified that in the regular course of business, as an investigator for the District Attorney, she would write out her notes in longhand and submit them to the secretary who would return the typed notes for her review and signature. Under these circumstances, there is no reason to doubt that the typed notes were a "duplicative equivalent" of the handwritten notes.

In any event even if the typed notes were not the duplicative equivalent of the handwritten notes, there was no indication or suggestion by the defendant of any prejudice suffered by him. The information contained within the typed notes was utilized by the defendant to cross-examine the officer and the defendant does not identify a single course of cross-examination that was foreclosed.

We have examined the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.