■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO CORTEZ, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered January 26, 1989, convicting defendant after jury trial of criminal sale and possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 4½ to 9 years' imprisonment, unanimously reversed, on the law, the sentence vacated, and the case remanded for a new trial.

The undercover police officer participating in the buy-and-bust operation on Manhattan's Lower East Side radioed a description of two individuals involved in the sale of $30 worth of heroin to her. Minutes later, backup officers arrested one of those individuals (Bermudez). A half-hour later, the undercover officer spotted defendant, whom she believed to be the other seller, about three blocks from where the transaction had taken place, and he was also apprehended by the backup team on her instructions. Defendant had neither narcotic contraband nor the marked "buy" money in his possession at the time of his arrest. In the meantime, the backup team had independently arrested two other alleged traffickers in the area after they were observed in an unrelated drug transaction. The issue at trial was whether the

undercover officer might have confused defendant's identification with that of one of the other traffickers arrested in the area.

During cross-examination, the undercover officer testified that after making the purchase, she returned to her car and made notations, including descriptions, in a calendar book; that information was later transferred to a Daily Activity Report ("DAR"), which in turn provided the basis for her "buy" report. The officer used her DAR as an aid during testimony. Defense counsel brought out inconsistencies between the DAR and the "buy" report, leading to a request for production of the original notes in the calendar book, which was still in existence. This request was denied on the ruling that the DAR was an exact transcription of the contents of the calendar book.

An officer's memo book, original notes and other contemporaneously recorded statements constitute *Rosario* material which must be turned over to the defense *(People v Thompson, 71 NY2d 918)*. A retranscription is an inadequate substitute for originally recorded notes *(People v Kass, 25 NY2d 123)*. An exception would be where the material introduced is a "duplicative equivalent" of the original, and thus merely cumulative of evidence already in the defendant's hands *(People v Consolazio, 40 NY2d 446, 455, cert denied 433 US 914)*. However, where the missing report assertedly lacks essential details which might have been exploited on cross-examination, the test of duplicative equivalence cannot be met simply by suggesting general harmony or consistency between the withheld material and the material relied upon during testimony *(People v Ranghelle, 69 NY2d 56)*. In fact, the duplicative equivalence exception is available only when the missing document is at some point produced for ultimate comparison with the material already turned over *(People v Geathers, 172 AD2d 134)*, unless the original has already been destroyed *(People v Melendez, 178 AD2d 366, 367, lv denied 79 NY2d 950)*, or there is unchallenged testimony that the document produced in evidence is identical to the missing original *(People v Serrando, 184 AD2d 1094)*. Since there was no production for comparison here, the withholding of this *Rosario* material was prejudicial to the defense, and in the absence of any other appropriate sanction a new trial is required. Concur—Murphy, P. J., Rosenberger, Wallach, Smith and Rubin, JJ.