■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DALY, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered April 11, 1990, convicting him of murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The jury could have rationally rejected the defendant's claim that he was so intoxicated at the time of the crime that he lacked the intent to cause the victim's death. The jury could have also rationally rejected the defendant's extreme emotional disturbance defense (Penal Law § 125.20 [2]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant contends that the court should have imposed a sanction because of the People's failure to provide him with a police officer's handwritten notes. The officer, a member of the Mahwah, New Jersey, Police Department, testified that he destroyed his handwritten notes in good faith, under common New Jersey police practice, and that he had them transcribed, verbatim, in a typewritten report. Thus, the court's failure to impose a sanction was not error *(People v Winthrop,* 171 AD2d 829). In any event, we note that the defendant was not prejudiced by the destruction of the arresting officer's handwritten notes *(cf., People v Wallace,* 76 NY2d 953).

While it was error for the court to compel the defendant's expert to prepare a written report of his findings *(see, Matter of Mulvaney v Dubin,* 80 AD2d 566, *revd on other grounds* 55 NY2d 668), in light of the overwhelming evidence of the defendant's guilt, we find that the error was harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur. *[See,* 146 Misc 2d 901.]