■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE VAN BUREN, Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered November 13, 1990, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and unlawfully dealing with a child.

This drug prosecution stems from defendant's sale of one gram of cocaine to Edward Dillon, an undercover police officer, on two different occasions during the evening of August 26, 1989. On the first occasion, Dillon, accompanied by an informant, purchased one gram of cocaine from defendant for $100 at defendant's apartment. When they returned on the second occasion, defendant advised Dillon and the informant that they would have to "take a ride" so he could get more cocaine. They left together and proceeded to another location, where defendant went inside. The three men then returned to defendant's home whereupon defendant separated out one gram of cocaine and sold it to Dillon, again for $100. On both occasions, a young child was present in defendant's home. Defen-

dant was subsequently indicted, *inter alia,* for the crimes in connection with these drug sales; following a jury trial, he was found guilty as charged and sentenced.

Defendant's principal argument on appeal is that County Court committed reversible error in denying his request to submit the crimes of criminal possession of a controlled substance in the fifth and seventh degrees (Penal Law §§ 220.03, 220.06) to the jury as lesser included offenses to the two principal crimes of criminal sale of a controlled substance in the third degree. While acknowledging that possession offenses are not lesser included offenses of criminal sale of a controlled substance in the third degree *(see, People v Simms,* 176 AD2d 833, *lv denied* 79 NY2d 832; *People v Brooks,* 115 AD2d 177, *lv denied* 67 NY2d 759; *People v Cogle,* 94 AD2d 158, 159), defendant relies upon the Court of Appeals' decisions in *People v Sierra* (45 NY2d 56) and *People v Carr* (41 NY2d 847) for the proposition that this rule is subject to exception in situations where the agency defense is raised.*

We disagree. In *People v Carr (supra),* the Court of Appeals' conclusion that it was reversible error for the trial court to refuse the defendant's request to charge criminal possession of a controlled substance as a lesser included offense of the crime of criminal sale of a controlled substance in the fifth degree was not based upon some exception to the lesser included offense rule when the agency defense is raised. Rather, it was premised upon the fact that under the circumstances presented, the failure to charge as requested worked a violation of CPL 300.50 inasmuch as, under the then-prevailing interpretation of CPL 1.20 (37), possession crimes were lesser included offenses of sale crimes and a reasonable interpretation of the evidence presented in that case supported the possibility that the defendant was acting merely as an agent for the seller and thus could only be found guilty of the lesser offense. Because under the current interpretation of CPL 1.20 (37) *(see, People v Glover,* 57 NY2d 61) possession counts are *not* lesser included offenses of sale counts *(see, e.g., People v Cogle, supra),* there is no similar CPL 300.50 violation here.

We likewise disagree with defendant's corollary argument

---

* The theory of the agency defense is that "one who acts solely as an agent for the buyer of narcotics cannot be convicted of the crime of selling those narcotics" *(People v Ortiz,* 76 NY2d 446, 448-449). However, agency is not a complete defense. While, if successful, the agency defense will exonerate a defendant of a criminal sale conviction, evidence of agency can be used to find a defendant guilty of criminal *possession* of a controlled substance *(see, e.g., People v Lam Lek Chong,* 45 NY2d 64, *cert denied* 439 US 935).

that a handwritten report prepared by Dillon concerning both drug transactions constituted *Rosario* material and the prosecution's inability to turn it over because Dillon had destroyed it after he "typed [it] over" was a *Rosario* violation warranting the delivery of an adverse inference charge. Unquestionably the handwritten report was *Rosario* material *(see, e.g., People v Gilligan,* 39 NY2d 769; *People v Malinsky,* 15 NY2d 86, 90-91). However, assuming that Dillon's bare testimony that he typed over the report is insufficient to satisfy the People's burden of proving that the typewritten report (which was turned over to defendant) was the duplicative equivalent of the destroyed handwritten report *(see, People v Young,* 79 NY2d 365, 369; *People v Ranghelle,* 69 NY2d 56; *People v Cortez,* 185 AD2d 113; *People v Serrando,* 184 AD2d 1094, *lv denied* 80 NY2d 837; *People v Winthrop,* 171 AD2d 829), there is absolutely no indication, suggestion or hint by defendant that he was prejudiced thereby *(see, People v Martinez,* 71 NY2d 937, 939; *People v Dolan,* 172 AD2d 68, 76, *lv denied* 79 NY2d 946; *People v Winthrop, supra; People v Merchant,* 171 AD2d 887; *cf., People v Greany,* 185 AD2d 376). Indeed, defendant's failure to make any use whatsoever of the typewritten report during his cross-examination of Dillon strongly suggests that the document (or its handwritten original) had little or no relevance or importance to defendant's case *(cf., People v Wallace,* 76 NY2d 953).

We have reviewed defendant's remaining contentions and find them to be without merit.

Yesawich Jr., J. P., Levine, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.

