■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL WATKINS, Appellant.—Judgment of the Supreme Court,

New York County (Herbert I. Altman, J.), rendered June 14, 1991, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial.

On the afternoon of December 15, 1987, an undercover police officer purchased four vials of crack from two suspects designated by him as "JD Gold Tooth and JD Black Cap". The officer subsequently placed the vials in a white envelope, sealed it and wrote information on it relating to the arrest. At trial, the officer was unable to identify defendant as one of the two sellers; however, he was certain that the two men he saw in custody five minutes after the sale were the same two men who had sold him the narcotics. The white envelope was apparently destroyed after defendant was convicted of third degree criminal sale and possession of a controlled substance and after the conviction was overturned by this Court *(People v Watkins,* 157 AD2d 301).

On this appeal, we need not determine whether the envelope that was destroyed actually constitutes *Rosario* material as the People do not dispute this point *(People v Wallace,* 76 NY2d 953). On a CPL 330.30 (1) motion, defense counsel argued, *inter alia,* that the People's failure to turn over the envelope requires reversal of defendant's conviction. We agree.

The prosecution is under an obligation to provide the defense with the envelope containing the undercover officer's notations (CPL 240.45; *see, People v Rogelio,* 160 AD2d 359, 360, *affd* 79 NY2d 843; *People v Rosario,* 9 NY2d 286). The People have a duty to prevent the destruction of evidence until all appeals have been exhausted, and a Police Department policy of destroying evidence does not excuse the People from making *Rosario* material available on retrial. The obligation remains, irrespective of whether the envelope was made available to the defense at the first trial, since the defendant is placed in the same position upon retrial as if the first trial had not taken place (CPL 470.55).

Furthermore, when a defendant is prejudiced by the People's failure to exercise due care in preserving *Rosario* material, the court is obliged to impose an appropriate sanction *(People v Wallace, supra).* Because of the undercover officer's inability to identify defendant, the notations on the envelope might have been the only pre-arrest documentation of the officer's description of defendant. The envelope therefore con-

stitutes important impeachment material, the absence of which hampered cross-examination of the officer. Concur— Murphy, P. J., Rosenberger, Kassal and Rubin, JJ.