■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OCTAVIO AGUIRRE, Appellant. [607 NYS2d 398] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered December 18, 1991, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court should have imposed a sanction because of the People's failure to provide him with a police officer's handwritten notes is without merit. As a general rule, a defendant has a right to inspect the prior statements of prosecution witnesses, prior to cross-examina-

tion, for impeachment purposes *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). However, there is no obligation to produce statements that are duplicative equivalents of statements previously turned over to the defense *(see, People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914; *People v Winthrop,* 171 AD2d 829; *People v Velez,* 161 AD2d 823). Here, the arresting officer testified that he wrote down the names and addresses of the defendant and codefendants at the scene of the arrest. He then transferred the information to the police reports and destroyed the notes. The officer testified that there was no other information in the notes. Under these circumstances, the court's failure to impose a sanction was not error *(see, People v Daly,* 186 AD2d 217; *People v Winthrop, supra).* In any event, we note that the defendant was not prejudiced by the destruction of the arresting officer's hand-written notes *(see, People v Daly, supra).*

The defendant further claims that the court erred by refusing to deliver a missing witness charge with respect to a confidential informant. The record reveals that the informant disappeared of his own volition, without any assistance from law enforcement officials, and that the People exerted diligent efforts to locate him, but to no avail. The court therefore properly denied the defendant's request on the ground that the witness was unavailable to the People *(see, People v Kitching,* 78 NY2d 532; *People v Matthews,* 185 AD2d 900).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Altman and Hart, JJ., concur.