■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOUREDDINE KHADAIDI, Appellant. [608 NYS2d 471] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered August 6, 1991, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant was convicted of raping the complainant, a woman with whom he worked. The thrust of the defense was that the sexual relations between the parties were consensual.

On the appeal, the defendant argues that the judgment of conviction must be reversed and a new trial ordered, based on two violations by the People of the *Rosario* rule *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). We agree with the defendant's argument concerning one of the alleged *Rosario* violations.

At trial, the defendant called Assistant District Attorney Deborah Scalise to testify. While examining Scalise, it was discovered that a fourth page of Scalice's notes, taken while interviewing the complainant, among others, had not been turned over to the defense. These notes contained, among other things, information which indicated that the complainant may have telephoned more than one person from the defendant's home on the night of the alleged rape. The complainant had testified to having telephoned only one person, her roommate. This information had to have come from the complainant, since the only other place it could have come from was the police, and Scalice testified that the only thing she wrote down from the police was information regarding the vouchering of certain items. Thus, this information was *Rosario* material as to the complainant *(see, People v Rosario, supra;* CPL 240.44). Nevertheless, the trial court refused to allow the defendant to recall the complainant for further cross-examination, and imposed no sanction. Under these

circumstances, we find that the defendant was substantially prejudiced, and a new trial is required *(see generally, People v Martinez,* 71 NY2d 937, 940; *cf., People v Van Loan,* 179 AD2d 885, 886).

With respect to the second alleged *Rosario* violation, the record indicates that the complainant was taken to the hospital by the defendant after the incident. At the hospital, Officer Munson questioned the complainant, and took some notes, which she wrote on some scraps of paper and her hand before transferring all that information to her memobook and to official police reports. The scraps were destroyed and Munson's hand was washed. The defendant argues that the court should have imposed a sanction because of the People's failure to provide him with these notes. We disagree. The record indicates that the notes were destroyed by Munson in good faith and that she transcribed all of the information in the notes to her memobook and to official police reports which were made available to the defense. Thus, the court's failure to impose a sanction was not error *(see, People v Daly,* 186 AD2d 217; *People v Winthrop,* 171 AD2d 829; *People v Serrando,* 184 AD2d 1094; *People v Van Buren,* 188 AD2d 887, 889). In any event, we note that the defendant was not prejudiced by the destruction of Munson's notes *(cf., People v Wallace,* 76 NY2d 953).

Since we are reversing the defendant's judgment of conviction, we further note that the trial court improperly allowed the People to admit certain unredacted hospital records into evidence. The defendant testified that he gave the hospital receptionist his correct name and address. In the hospital records, a name and address similar to, but not the same as, the defendant's, appeared. The People introduced this evidence to demonstrate that the defendant had given a false name and address, i.e., a prior inconsistent statement, and as evidence of his consciousness of guilt. However, the People never adequately demonstrated that the name and address which appeared in the hospital record had come from the defendant, and so, the prejudicial effect of this evidence far outweighed any probative value.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Friedmann and Florio, JJ., concur.