■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LESLY JOSEPH, Appellant. [613 NYS2d 52] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered July 30, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The information contained on the destroyed security envelopes prepared by the arresting officer were the "duplicative equivalent" of that contained in the on-line booking and complaint reports also prepared by the officer and turned over to the defendant prior to trial, and therefore "the defendant in effect suffered no deprivation at all" *(People v Banch,* 80 NY2d 610, 617; *see, People v Daly,* 186 AD2d 217; *People v Winthrop,* 171 AD2d 829; *People v Greany,* 185 AD2d 376, 377-378). In any event, the information contained on the lost material was only the name of the suspects, and the location and time of the arrests, which information was not disputed by the defendant and which was not relevant to the issue of whether the defendant was the individual who the surveilling officer observed selling cocaine *(cf., People v Rivas,* 184 AD2d 794).

Viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.