■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON LEMON, Appellant. [615 NYS2d 275] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 26, 1988, convicting him of rape in the first degree (three counts) and sodomy in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to prove his guilt beyond a reasonable doubt. Moreover, upon exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

There is no merit in the defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct. Our review of the tapes of telephone calls made by the District Attorney's office to the defendant's prospective witness establishes that the witness was not threatened with arrest based on an open warrant against him. Rather, the tapes indicate that there could have been no such misconduct since the prospective witness was already out of the State when the People attempted to question him about his knowledge of this case. There is nothing to indicate that the defendant's prospective witness was threatened with arrest based on an open warrant.

Finally, we reject the defendant's claim that he was deprived of a fair trial due to a *Brady* violation since the defendant was given a meaningful opportunity to use the purportedly exculpatory material to cross-examine the complainant (see, People v Cortijo, 70 NY2d 868; see, People v Anderson, 160 AD2d 806). Mangano, P. J., Altman, Hart and Florio, JJ., concur.