■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HICKSON, Appellant. [619 NYS2d 64] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered February 7, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in failing to impose any sanction on the People for the destruction of an envelope containing handwritten notes of a detective. "As a general rule, a defendant has a right to inspect the prior statements of prosecution witnesses, prior to cross-examination, for impeachment purposes (see, People v Rosario, 9 NY2d 286, cert denied 368 US 866). However, there is no obligation to produce statements that are duplicative equivalents of statements previously turned over to the defense (see, People v Consolazio, 40 NY2d 446, cert denied 433 US 914; People v Winthrop, 171 AD2d 829; People v Velez, 161 AD2d 823)" (People v Aguirre, 201 AD2d 485, 486). Here, Detective Nash testified that he wrote the codefendant's name and a description of the property recovered from the codefendant on the envelope. The detective turned the envelope over to Sergeant Smith, who subsequently destroyed it pursuant to common police practice. Since the testimony of Detective Nash

established that the information written on the envelope was the duplicative equivalent of the statements contained in his official report, the court's failure to impose a sanction was not error *(see, People v Aguirre,* 201 AD2d 485, *supra; People v Daly,* 186 AD2d 217; *cf., People v Gamble,* 172 AD2d 687; *People v Diaz,* 169 AD2d 776). O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.