■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HOLLIS, Appellant. [627 NYS2d 415] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Feldman, J.), rendered June 2, 1993, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A police officer testified that, after making certain statements, the defendant said he did not want to speak to the police anymore. The defendant contends that the admission of this testimony constituted an impermissible use of his post-arrest silence. Although the admission of the testimony was error, the facts did not warrant granting the defendant's request for a mistrial on this ground. Since the defendant rejected the court's offer to issue a curative instruction to the jury, his claim that he was denied a fair trial is without merit (cf., People v Von Werne, 41 NY2d 584, 587).

The prosecutor's summation comments regarding the statements that the defendant made to the police before he invoked his right to remain silent were not improper as they constituted fair comment on the evidence and were fairly inferrable from the evidence (see generally, People v Ashwal, 39 NY2d 105, 109-110). The prosecutor did not comment on the defendant's decision to invoke his right to remain silent.

The sentence imposed upon the defendant was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, O'Brien and Thompson, JJ., concur.