■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNY GONZALEZ, Appellant. [632 NYS2d 474] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered June 7, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO GONZALEZ, Appellant. [632 NYS2d 156] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered June 18, 1993, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court should have imposed a sanction because of the People's failure to provide him with a detective's handwritten notes is without merit. The detective testified that it was his practice, while he was out in the field, to make notations of the department auto number, the officer accompanying him in the observation van, and the times when they arrived and left the subject location. The detective, prior to discarding the notes, personally typed all the information contained in the notes onto his Daily Activity Report. This Daily Activity Report was provided to the defendant. The detective testified that "everything" that was written on the notes was typed onto his report. There is no obligation to produce statements that are duplicative equivalents of statements previously turned over to the defense. In any event, we note that the defendant was not prejudiced by the destruction of the detective's handwritten notes *(see, People v Aguirre, 201 AD2d 485, 486; People v Daly, 186 AD2d 217)*. Under these circumstances, the court's failure to impose a sanction was not error *(see, People v Aguirre, supra; People v Daly, supra; People v Winthrop, 171 AD2d 829)*. Sullivan, J. P., Rosenblatt, Thompson and Ritter, JJ., concur.