■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP GLOVER, Appellant. [634 NYS2d 285] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of attempted robbery in the first degree. We decline to modify the judgment by reducing the conviction to attempted robbery in the second degree (see, CPL 470.15 [6] [a]; People v Mierzwa, 124 AD2d 1038, lv denied 69 NY2d 714). Further, we conclude that the jury verdict rejecting the defense of insanity is not contrary to the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

Although the prosecutor improperly elicited testimony concerning defendant's post-arrest silence by asking a prosecution witness whether defendant had refused to sign a written statement (see, People v Hollis, 215 AD2d 777; People v Falk, 185 AD2d 630, lv denied 80 NY2d 929), the trial court promptly delivered strong and unequivocal curative instructions that effectively eliminated any prejudice to defendant (see, People v Arce, 42 NY2d 179, 187; People v Blair, 148 AD2d 767, 768, lv denied 74 NY2d 661). There is no merit to defendant's remaining alleged instances of prosecutorial misconduct.

The court erred in directing defendant's psychiatric expert to prepare a written report of his findings and to disclose that report to the prosecution (see, People v Daly, 186 AD2d 217, lv denied 81 NY2d 787; Matter of Mulvaney v Dubin, 80 AD2d 566, revd on other grounds 55 NY2d 668). However, proof of defendant's guilt was overwhelming and the error was harmless (see, People v Crimmins, 36 NY2d 230, 241-242; People v Daly, supra).

The cumulative effect of those errors did not deprive defendant of a fair trial. We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, McCarthy, J.—Attempted Robbery, 1st Degree.) Present—Denman, P. J., Green, Fallon, Balio and Boehm, JJ.