■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MELENDEZ, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of third degree rape, defendant argues that his statements to the police were involuntarily made and that the People failed to provide him with *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). The hearing court found that neither claim had merit and its decision is entitled to great weight *(see, People v Prochilo,* 41 NY2d 759). Confronting the defendant with the unfavorable result of a polygraph test did not result in involuntariness because there

was no deception so fundamentally unfair as to deny due process, and no promises or threats were made to induce a false confession *(see, People v Tarsia,* 50 NY2d 1, 11; *People v Henry,* 132 AD2d 673, 675; *People v Leonard,* 59 AD2d 1, 12-13). The affidavit of the State Police investigator in support of an order authorizing the transportation of the defendant to take the polygraph test did not constitute *Rosario* material because the substance of the affidavit did not relate to the subject matter of the witness's trial testimony *(see,* CPL 240.45 [1] [a]; *People v Reedy,* 70 NY2d 826). (Appeal from judgment of Wayne County Court, Parenti, J.—rape, third degree.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.