■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GEORGE RIVERA, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Marrus, J.), dated June 28, 1988, which granted the defendant's motion to dismiss the indictment with leave to the People to resubmit the case to another Grand Jury.

Ordered that the order is affirmed for reasons stated by Justice Marrus at the Supreme Court *(People v Rivera,* 141 Misc 2d 14); the People's time to resubmit the case to another Grand Jury is extended until 30 days after the date of this decision and order.

In addition to the reasons provided by Justice Marrus, we note that the alleged victim, then 10 years of age, testified as a sworn witness before the Grand Jury. A review of the Grand Jury minutes reveals that there was no inquiry, voir dire, determination, or ruling, made by the prosecutor, before the Grand Jury, or otherwise presented to the Grand Jury, as to whether the child had any understanding or appreciation of the nature or obligation of an oath (CPL 190.30 [6]; 60.20). It is undisputed that the indictment rests on the child's testimony. On a motion to dismiss, an indictment fails if the competent evidence does not meet the statutory standard (CPL 70.10; *People v Jennings,* 69 NY2d 103, 115; *see also, People v Mikuszewski,* 73 NY2d 407). In the case at bar, the court concluded that there was no remaining basis upon which to sustain the indictment if the child's testimony was not competent. The court therefore dismissed the indictment, and in so doing declined to conduct a postindictment proceeding to determine the child's capacity to take an oath, or to afford the People an opportunity to satisfy the standard by supplying proof that was never presented to the Grand Jury.

Obviously, the court did not find that the child could under no circumstances be sworn, only that the record was utterly devoid of a proper showing. Accordingly, the court granted the People leave to resubmit the case to the Grand Jury within 30 days. Rather than take that direct and expeditious course, the prosecutor chose instead to appeal, thus causing almost a one-year delay.

Because of these circumstances and in order to avoid further delay, we authorize the People to resubmit this case to another Grand Jury within 30 days after the date of this decision and order. Prior to re-presentation, the People should inform the defendant so that he may be afforded the opportunity to testify before the Grand Jury. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.