■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL FIGUEROA, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered May 12, 1988, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to 10 years' to life imprisonment, unanimously affirmed.

The police department's UF-61 report, containing descriptions of the perpetrators in this case, was in evidence, as was the Sprint report. However, the 911 tape was routinely destroyed by the police department after 90 days.

Defense counsel had subpoenaed the tape and the corresponding Sprint report in a timely fashion, as did the Assistant District Attorney. However, both indexed these materials in their subpoenaes with an address contained in the complaint which was incorrect. As a result, the police department's search failed to locate the tape within 90 days, after which the tape was destroyed. When the Assistant District Attorney succeeded in having the Sprint report located by using different indices, he immediately turned this material over to counsel.

It is clear that the People's conduct did not evince bad faith, and the trial court did not err, as a matter of law, in finding that the People satisfied their burden of exercising due dili-

gence to preserve evidence *(see, People v Kelly,* 62 NY2d 516). Considering that the loss of the tape was inadvertent, the other proof available at trial, and that defendant, in possession of the Sprint report, was not entirely deprived of the evidence which he sought, the draconian relief of reversal is not warranted *(People v Haupt,* 71 NY2d 929, 931; *People v Martinez,* 71 NY2d 937, 940). Nor, did the court err in denying the defense motion to preclude the People's cross-examination of defendant's witness, a civilian employee of the police department, to elicit testimony that the Sprint report might not be a verbatim transcript of the 911 tape. The People did not introduce the Sprint report as direct evidence. On the contrary, defendant had introduced it into evidence and the People's limited cross-examination was to clarify the edited nature of the Sprint report.

Finally, defendant's claim that he was mistakenly sentenced to a term which exceeded the legal minimum is without merit. Concur—Kupferman, J. P., Asch, Kassal, Ellerin and Wallach, JJ.