■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL BARRIOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 16, 1988, convicting him of robbery in the second degree and grand larceny in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant stands convicted of the robbery of the owner of a Queens furniture store committed with the assistance of an unapprehended accomplice. On appeal, the defendant contends that his guilt was not proven beyond a reasonable doubt because of inconsistencies and discrepancies in the testimony of the People's witnesses. Although certain discrepancies existed between the arresting officer's memo book and his testimony at trial, and the witnesses's accounts of the incident varied slightly, the apparent differences were not so great as to render their testimony incredible. In any event, the conflicting testimony presented a question of credibility for the trier-of-fact to resolve in the context of the totality of the evidence *(see, People v Jackson,* 65 NY2d 265). It is well settled that issues of the credibility of witnesses and the weight to be accorded the evidence presented are primarily within the province of the trier-of-fact whose determination will not be overturned lightly on appeal *(see, People v Gruttola,* 43 NY2d 116; *People v Mustafa,* 132 AD2d 628; *People v Bauer,* 113 AD2d 543, 551). Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further find that the report of the arresting officer's taped telephone call to the emergency 911 number did not constitute *Rosario* material *(People v Rosario,* 9 NY2d 286) in the context of this case, because the substance of the report did not relate to the subject matter of the witness's trial testimony *(see,* CPL 240.45 [1] [a]; *People v Reedy,* 70 NY2d 826; *People v Melendez,* 149 AD2d 918; *cf., People v Kent,* 125 AD2d 590).

Finally, the sentence imposed upon the defendant, with the most severe term of imprisonment being 6 to 12 years as a second violent felony offender upon the charge of robbery in the second degree, was not excessive *(see, People v Suitte,* 90 AD2d 80). Nor should the mandatory surcharge be waived at

this juncture. This court has consistently held that any application by a defendant for waiver of the mandatory surcharge due to indigency is premature while the defendant is incarcerated *(see, e.g., People v Velez,* 150 AD2d 514; *People v Peralta,* 127 AD2d 803, 804; *see also, People v West,* 124 Misc 2d 622). Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.