■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MARION DEAS, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 30, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The failure of the prosecution to turn over documents entitled "Complaint Follow Up Reports" to the defense was not a *Rosario* violation *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 886). While the reports contained statements of witnesses to the robbery, none of those witnesses testified at trial, and the subject matter of the reports was unrelated to any testimony given by the officer who made the reports *(see,* CPL 240.45 [1] [a]; *People v Barrios,* 163 AD2d 579; *People v Melendez,* 149 AD2d 918, 919). Nor did the failure to turn over the reports constitute a *Brady* violation *(see, Brady v Maryland,* 373 US 83), since the defendant already had knowledge of the information contained therein *(see, People v Banks,* 130 AD2d 498, 499).

Further, the prosecution's failure to turn over the sprint tape of the emergency telephone "911" call by the eyewitness was not a *Rosario* violation. There was no evidence of bad faith by the prosecution, and the sprint sheet, which was the "duplicative equivalent" of the tape, was furnished to the defense *(see, People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914; *People v Ranghelle,* 69 NY2d 56, 63; *People v Winthrop,* 171 AD2d 829; *People v Velez,* 161 AD2d 823; *People v Figueroa,* 156 AD2d 322, 323).

We also find that a missing witness charge was unnecessary under the circumstances *(see, People v Dianda,* 70 NY2d 894, 896; *People v Gonzalez,* 68 NY2d 424, 427; *People v Chisom,* 170 AD2d 523), and that the trial court's charge, as a whole, did not deprive the defendant of a fair trial *(see, People v Crawford,* 158 AD2d 706; *People v Bowen,* 134 AD2d 356; *see also, People v McGee,* 76 NY2d 764, 766). Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.