■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE DAVIS, Appellant.—Judgment of the Supreme Court, Bronx County (Stephen Barrett, J.) rendered October 12, 1989 convicting defendant after a jury trial of murder in the second degree and attempted robbery in the first degree, and sentencing him to concurrent terms of fifteen years to life and five to ten years, respectively, and order of the same Court and Justice entered August 14, 1991, denying defendant's motion made pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

Defendant acted as a lookout during the aborted robbery of a "crack house" apartment by two accomplices, his brother Larry Davis and a third man known only as "Bo." It was Larry Davis who fired a bullet through the apartment door at chest-high level, killing the victim. Both defendant and his brother were identified in photo arrays and in subsequent lineups.

During the trial, a female witness who had testified as to defendant's inculpatory statements had previously testified for the People in an unrelated investigation, wherein she provided evidence of a confession made to her by the defendant in that unrelated matter. Despite her testimony, that defendant was acquitted. At issue is the fact that this information was not disclosed to the present defendant, which forms the basis

of his *Rosario* and *Brady* claims which were rejected by Supreme Court in its denial of defendant's CPL 440.10 motion.

Defendant has established no connection between the two cases. Further, he has failed to demonstrate that the witness' testimony in the unrelated case was fabricated, or that the testimony "relates to the subject matter of the witness's testimony" in the present case (CPL 240.44 [1]; 240.45 [1] [a]). We have previously rejected *Rosario* claims with respect to police reports in unrelated investigations which were of marginal value to the present investigation *(People v Gayle,* 168 AD2d 201, *lv denied* 78 NY2d 955); conversations of witnesses not involving the instant defendant *(People v Fridman,* 162 AD2d 136, *lv denied* 76 NY2d 893) and grand jury testimony in an unrelated case *(People v Fluellen,* 132 AD2d 455, *lv denied* 70 NY2d 874). The People's failure to disclose this information does not constitute reversible error *(People v Ortiz,* 173 AD2d 189, *lv denied* 78 NY2d 1129), and we reject defendant's argument, as mere speculation, that the acquittal in the unrelated case requires a conclusion that the witness' testimony in that case was fabricated. To accept such a conclusion would allow defendant to impeach the witness' credibility in a most circuitous manner.

In any event, even if some marginal relevance had been established, the eyewitness testimony precludes defendant from carrying his burden, in the post-judgment motion, of demonstrating a reasonable possibility that this evidence would have led to a different outcome of the proceedings *(People v Jackson,* 78 NY2d 638). While it was improper to preclude testimony concerning a prosecution witness' reputation for veracity in the community *(People v Pavao,* 59 NY2d 282, 289), the record demonstrates that the witness was impeached in this way by other testimony and sufficiently cross-examined as to her background and character.

Defendant failed to preserve his claim that hearsay evidence was improperly introduced, thus bolstering identification evidence *(People v Fagan,* 166 AD2d 290, *lv denied* 77 NY2d 838). We decline to review in the interest of justice. Were we to do so, we would find there is no reasonable likelihood that the jury believed the evidence to be stronger as a result thereof *(supra).*

We find no basis to disturb the determination of the trial court that the substitution of proposed counsel at sentencing would have posed a conflict in the circumstances. Concur—Rosenberger, J. P., Wallach, Ross, Asch and Kassal, JJ.