■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN GREAVES, Also Known as FRANK NITTY, Appellant. [602 NYS2d 35] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered April 10, 1991, convicting him of criminal sale of a controlled

substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Preliminarily, the defendant's contention that the police officer's testimony was legally insufficient to establish the defendant's identity is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the People, the officer's testimony, despite its inconsistencies, was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620; *People v Barrios,* 163 AD2d 579). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant's conviction after a second trial was not barred by double jeopardy. The first trial terminated when the defendant's motion for a mistrial was granted, and by making that motion the defendant waived the defense of double jeopardy (CPL 280.10 [1]; *People v Ferguson,* 67 NY2d 383, 388; *People v Catten,* 69 NY2d 547, 554). Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.