OPINION OF THE COURT
Faviola Soto, J.
Defendant is charged with violating Penal Law §§ 110, 130.55, attempted sexual abuse in the third degree, and Penal Law § 240.26, harassment in the second degree. Defendant has filed a pretrial motion seeking an order pursuant to CPL 240.70 precluding the People from introducing at trial the testimony of the complainant. Defendant asserts that the erasure of the tape recording of the 911 call made by the complainant constitutes a violation of defendant’s right to Rosario material. A hearing was held on March 16, 1995 to resolve the factual issues raised by defendant’s motion.
The information in this case, which is verified by the complaint, alleges that on June 15, 1994 at approximately 6:15 a.m. "defendant did grab at (complainant’s) breasts and buttocks, when defendant grabbed deponent’s left shoulder from behind and spun her around and then reached out for her breasts and the rest of her body while deponent was out jogging in the park.”
Defendant asserts that while jogging in Van Cortlandt Park he merely tapped complainant on her left shoulder and asked her for the time. Complainant then sprayed him in the face with a caustic substance. The complainant called 911, and defendant was thereafter arrested.
Defendant argues that the People have failed to provide him a copy of the 911 tape. Defendant’s counsel states that on July 27, 1994 he orally requested from one Assistant District Attorney (ADA) a copy of the 911 telephone call. Counsel followed this request with a letter to the ADA, dated August 9, 1994, again requesting a copy of the tape. By notice of motion dated August 16, 1994 and made returnable September 13, 1994 defendant sought various relief, including discovery of "all statements of witnesses to any law-enforcement personnel,” and "any audio tapes and a transcript of said tape recordings.” The case was thereafter adjourned twice for the People to comply with defendant’s disclosure demands. On October 6, 1994 another ADA stated, "I believe the tape has been ordered, we have not yet received it.” (Transcript, Oct. 6, 1994, at 4, 1. 23.)
Defendant asserts that on November 3, 1994 the second *321 ADA informed defense counsel that the 911 tape had been "routinely erased.”
In their papers opposing the motion the People state that they did not get a copy of the 911 tape "before its routine erasure pursuant to the Communications Department’s policy to erase all tapes after ninety days. The erasure was made according to Police Department administrative procedures.” (Affirmation in opposition, Jan. 17, 1995, at 11.)
At the March 16, 1995 hearing the People conceded that the complainant did in fact make a call to "911” at the time of the alleged incident, that the People took no steps to secure a copy of the tape recording of the call, and that the tape was in fact destroyed pursuant to routine police procedure.
CPL 240.45 (1) provides in pertinent part that the prosecutor shall make available to defendant: "(a) [a]ny written or recorded statement * * * made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness’ testimony.”
This section codifies the rule stated in People v Rosario (9 NY2d 286 [1961], cert denied 368 US 866).
The People’s failure to produce Rosario material that is in their possession is per se a violation of defendant’s rights, and any conviction arising after such violation must be overturned. (People v Banch, 80 NY2d 610 [1992].) However, this rule is not absolute when the Rosario material has been lost or destroyed. (People v Martinez, 71 NY2d 937 [1988].) In such a case the court must attempt to determine the contents of the missing material and the circumstances of the loss or destruction. (People v Banch, supra.) In addition, the court must impose an appropriate sanction based upon the prejudice to the defendant and the degree, if any, of prosecutorial misconduct. (People v Martinez, supra.) The particular sanction may range from preclusion of testimony or evidence to an adverse inference charge. (People v Haupt, 71 NY2d 929 [1988].) Outright dismissal of the charges, while an option, is an extreme sanction that should not be invoked where less severe measures are available to address the prejudice. (Supra.)
Here, the contents of the now-erased 911 tape cannot be determined with any degree of precision or reliability. The People have stipulated that no steps were taken to preserve the tape. The People offered no record of its contents. The only witness at the March 16, 1994 hearing was the arresting *322 officer who had no knowledge of the content of the 911 call other than it reported an "assault in progress”.
Further, the prejudice to defendant resulting from the destruction of the tape is potentially great. Complainant and defendant allege conflicting versions of this incident. If complainant is to be believed, a crime was committed by this defendant. If defendant is to be believed, no crime has taken place. Credibility of the witnesses would be a major if not dispositive issue at trial. The ability of defense counsel to cross-examine the complainant is compromised by the destruction of the recording of her prior statement on the 911 tape. Defendant is severely prejudiced by this destruction. (See, People v Boyne, 174 AD2d 103 [1st Dept 1992].)
The People argue that the information on the tape would not relate to any material issue and that its destruction is not prejudicial. This argument is unavailing. It is not the role of the prosecutor, or even the court, to arrogate the role of assessing the utility of Rosario material. This function is reserved for "single-minded counsel for the accused”. (People v Rosario, supra, at 290; see, also, People v Flores, 84 NY2d 184, 187 [1994].)
Further, the prosecutor’s role in the loss of this material is substantial. It is defendant’s unchallenged assertion that he orally requested a copy of the 911 tape on July 27, 1994, wrote a letter with the same request on August 9, 1994, and moved for this relief by notice of motion dated August 9, 1994 and made returnable September 13, 1994. Each of these requests was within the 90-day police department deadline which, measured from June 15, 1994, ended September 13, 1994. Under such circumstances it is reasonable to expect the People to comply with their duty not only to disclose Rosario material but also to preserve it. (See, People v Martinez, supra.) The People are not relieved of this duty simply because police department policy requires destruction of the evidence. (See, People v Watkins, 189 AD2d 623 [1st Dept], lv denied 81 NY2d 978 [1993].)
Since the People failed to exercise due care in preserving the Rosario material, and since defendant is prejudiced by this failure, the court must impose an appropriate sanction. (People v Wallace, 76 NY2d 953 [1990].) The determination of what constitutes an appropriate sanction is addressed to the discretion of this court. (Supra.) The court may charge the jury that they may draw an adverse inference from the destruction of *323 the material. (People v Nelson, 188 AD2d 67 [1st Dept], appeal withdrawn 81 NY2d 974 [1993].) The court may preclude testimony. (People v Haupt, supra.) In some circumstances, outright dismissal of the charges is appropriate. (People v Cortez, 149 Misc 2d 886 [Crim Ct, Kings County 1990].)
Here, an adverse inference charge would not be sufficient to redress the harm caused by the erasure of the 911 tape. Preclusion of the testimony of the complainant is appropriate, given the degree of prejudice to defendant and the degree of prosecutorial misconduct. This is not a case where the People were unaware of the existence of the Rosario material until late in the proceeding, or where the same information was almost simultaneously recorded elsewhere. (See, People v Martinez, supra.) It is also not the case where the People attempted to secure the 911 tape but inadvertently included the wrong address on a subpoena. (See, People v Figueroa, 156 AD2d 322 [1st Dept 1989], lv denied 76 NY2d 734 [1990].) Rather, this case involves the complete failure of the People to make even a perfunctory effort to obtain Rosario material which they knew existed and which they knew would be destroyed after 90 days. This failure persisted despite the several demands made by defendant. Under these circumstances, preclusion of the testimony is proper.
The court recognizes that preclusion of this testimony will devastate the prosecution of this case. However, this does not warrant a sanction milder than preclusion. The vital nature of this testimony and the severe consequence of its preclusion should impel the District Attorney to greater diligence, not less.
The motion to preclude is granted.