■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEHROOZ KANANI, Appellant. [641 NYS2d 26] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered June 19, 1991, convicting defendant, after a trial by jury, of 12 counts of sodomy in the first degree and sentencing him to an aggregate term of $33^1/_3$ to 100 years in prison, deemed a sentence of 25 to 50 years pursuant to Penal Law § 70.30 (1) (c) (iii), unanimously reversed, and the matter remanded for a new trial. Appeal from an order, same court and Justice, entered on or about March 5, 1992, which denied defendant's motion to set aside the verdict pursuant to CPL article 440, unanimously dismissed as moot.

Defense counsel specifically requested the production of the videotaped Grand Jury testimony of the prosecution's child witnesses as *Rosario* material. CPL 240.45 (1), which is recognized as a codification of the *Rosario* rule (*see, People v Washington*, 86 NY2d 189, 191-192), explicitly states:

"After the jury has been sworn and before the prosecutor's opening address, or in the case of a single judge trial after commencement and before submission of evidence, *the prosecutor shall*, subject to a protective order, make available to the defendant:

"(a) Any written or recorded statement, including any testimony before a grand jury and an examination videotaped pursuant to section 190.32 of this chapter" (emphasis supplied).

In view of the mandatory terms of CPL 240.45, coupled with the fact that we find defense counsel's specific objections concerning *Rosario* material sufficient to preserve the issue and to invoke the provisions of the foregoing section, we find that the court erred in failing to direct the prosecution to turn over the videotapes in question and that such violation is reversible error requiring a new trial. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.