■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN LASALLE, Appellant. [663 NYS2d 79] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered August 9, 1995, convicting him of sodomy in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

It is beyond cavil that reversal is required when the prosecution fails to turn over *Rosario* material (*see, People v Machado*, 90 NY2d 187; *People v Banch*, 80 NY2d 610; *see generally, People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866). Further, under CPL 240.45 (1) (a), which codified the *Rosario* rule (*see, People v Washington*, 86 NY2d 189, 191-192; *People v Kanani*, 226 AD2d 226), upon demand by the defendant, and, in a trial before a single Judge, after the commencement of the trial and before the submission of evidence, the prosecutor is required to turn over the following material (unless protected by court order): "Any written or recorded statement, including any testimony before a grand jury and an examination videotaped pursuant to section 190.32 of this chapter, made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony" (CPL 240.45 [1] [a]).

The complainant in this case is a mentally-disabled woman

who alleges that she was sodomized by the defendant, who was a worker in the group home where she lives. Prior to her testimony before the Grand Jury, the District Attorney apparently elected to have her competency examined by a Judge at a so-called "swearability" hearing rather than, as permitted, by the District Attorney (*see*, CPL 190.30 [6]). At that hearing the complainant was asked, *inter alia*, the following:

"THE COURT: You know you are going to testify concerning a Mr. LaSalle, Ruben LaSalle?

"[THE COMPLAINANT]: It is my bus.

"MS. WHITHAM [the resident manager of the complainant's group home]: Her bus company is LaSalle Bus Company. She hasn't heard his last name.

"THE COURT: I am very sorry, okay. You are going to testify about some person; is that right?

"[THE COMPLAINANT]: That's true, yes."

Clearly, this qualifies as material required to be turned over by the People. Also, it is clear that the identity of the complainant's attacker would be a disputed issue at the trial. Thus, the obvious unfamiliarity of the complainant with her attacker's full name is clearly relevant.

Therefore, we must reluctantly disagree with our dissenting colleague's interpretation of the term "subject matter". The testimony of a witness as to the identity of the perpetrator of a crime has been characterized as not only the subject matter of a trial, but at times as the central or primary issue (*see, e.g., People v Allweiss*, 48 NY2d 40; *People v Mack*, 235 AD2d 548). We also do not agree that *People v Watkins* (157 AD2d 301) is analogous to this case. The issue there was the failure to disclose a statement as to police overtime, which went merely to general credibility. It was not, in and of itself, a central issue at the trial. Here, the attacker's identity was an issue at the trial, and the complainant's prior statements with reference thereto should have been subject to proper exploration.

The People failed to supply the defendant with a copy of the transcript of the complainant's first swearability hearing, which was conducted as part of the Grand Jury proceedings in this matter, notwithstanding a prior request to do so, and there was no disclosure of this material or its "duplicative equivalent" (*see*, CPL 190.25 [4] [a]; 190.30 [6]; *see also, People v Rivera*, 151 AD2d 618; *People v Gallo*, 69 AD2d 1001). Therefore, a new trial is mandatory (*see*, CPL 240.20; *see, People v Machado*, 90 NY2d 187, *supra; People v Banch*, 80 NY2d 610, *supra; see generally, People v Rosario, supra*).

The defendant's remaining contentions are academic in light of this determination. Joy, J. P., Goldstein and Florio, JJ., concur.

Luciano, J., dissents and votes to affirm with the following memorandum. The defendant, Ruben LaSalle, was convicted of sodomy in the first degree, based upon an act committed upon a mentally-impaired person at her residential group home.

I respectfully disagree with the majority's opinion that a new trial is mandatory based on the assumption that the transcript of the complainant's first hearing to determine whether she had the capacity to be sworn, which was held prior to her Grand Jury testimony, constituted *Rosario* material because "the questioning touched upon issues which are arguably relevant to the testimony she gave at this trial".

The fundamental question herein is whether the complaining witness made a prior statement relating to her trial testimony on the issue of the corpus delecti of the crime.

Since the Court of Appeals decided *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) in 1961 "it has been a fundamental precept of this State's criminal jurisprudence that the People are obligated to give to the defendant, for use during cross-examination, any nonconfidential written or recorded statements of a prosecution witness that relate to the subject matter of the witness' testimony" (*People v Banch*, 80 NY2d 610, 615).

In those instances where such prior statements are unrelated to the subject matter of the witness's prospective trial testimony on the issue of guilt or innocence, the prosecution has no obligation to provide the defendant with such a witness's prior statements (*see, People v Mobley*, 190 AD2d 821; *People v Davis*, 183 AD2d 474; *People v Goldman*, 175 AD2d 723; *People v Deas*, 174 AD2d 751; *People v Barrios*, 163 AD2d 579; *People v Fluellen*, 132 AD2d 455). The majority's decision does not state a rule contrary to this principle.

In general, the issues explored at a hearing to determine whether an individual has the capacity to be sworn are unrelated to the basic issues of guilt or innocence at trial (*see, People v Morales*, 80 NY2d 450, 453). Thus, the testimony of a witness at a hearing to determine testimonial capacity pursuant to CPL 60.20 (1) is not *Rosario* material.

The majority's opinion is posited on a brief segment of the first hearing to determine if the complainant had the capacity to be sworn, at which there was present Eleanor Whitham, the resident manager of the group home where the complaining

witness resided. At that hearing the following colloquy ensued when the complaining witness was questioned by the court:

"THE COURT: You know you are going to testify concerning a Mr. LaSalle, Ruben LaSalle?

"[THE COMPLAINANT]: It is my bus.

"MS. WHITHAM: Her bus company is LaSalle Bus Company. She hasn't heard his last name.

"THE COURT: I am very sorry, okay. You are going to testify about some person; is that right?

"[THE COMPLAINANT]: That's true, yes."

The purpose of a hearing to determine testimonial capacity is to inquire (a) whether the witness has sufficient intelligence and capacity to justify the reception of his or her testimony into evidence, and (b) if the testimony is to be under oath, whether the witness has sufficient capacity to appreciate the obligations of an oath and the consequences of giving false testimony (*see, People v Parks*, 41 NY2d 36; *People v Nisoff*, 36 NY2d 560). In furtherance of these central objectives the court mentioned the defendant's name which, the record reveals, had not previously been heard by and was not known to the complaining witness, to whom the name "LaSalle" meant only her bus company.

There is no dispute that if a witness's prior statement relates to the subject matter of the witness's trial testimony on the issue of guilt or innocence, the statement must be provided as *Rosario* material. It is not for a court to determine whether the statement has potential impeachment value (*see, People v Banch, supra,* at 615 ["An appellate court, however, is ordinarily no better equipped than the trial court to make such an evaluation, and it was the inadequacy of the trial court in that regard—as compared to single-minded counsel for the accused—that compelled the *Rosario* holding"]; *accord, People v Perez,* 65 NY2d 154, 160).

Here, however, there is no viable basis by which it can be maintained that the complaining witness made a statement which was related to the subject matter of her trial testimony. No matter how one may attempt to construe or rationalize what transpired at the testimonial capacity hearing, the ineluctable fact is that the complaining witness made no statement relating to the events of the crime alleged against the defendant. It is a simple coincidence that the bus company's name and the defendant's name are the same. This is insufficient reason to conclude that the minutes of the testimonial capacity hearing constitute *Rosario* material.

Additionally, in the context of the testimony in the above-quoted excerpt from the hearing to determine testimonial capacity, it is not arguable that the complainant's testimony would be grist for cross-examination. An examination of all of the minutes of the hearing to determine capacity discloses no statement which contains factual assertions about, or descriptions of, the events of the crime alleged. Essentially, the present situation is analogous to that in *People v Watkins* (157 AD2d 301, 312-314) in which it was ruled that a police officer's overtime voucher, which mentioned the time of the incident, was not *Rosario* material. The overtime voucher contained no factual assertions about or descriptions of the events which were the subject of the police officer's testimony, and the time of the incident was of no consequence as *Rosario* material.

The interests of justice are not served by remitting this matter for a new trial based on the characterization of the questions and answers in the minutes of the first hearing to determine testimonial capacity as *Rosario* material. By so construing those minutes the majority attaches an overly-expansive interpretation, relevance, and probative value to them as they relate to the defendant's opportunity to defend at trial.

There is, moreover, no merit to the defendant's claim that he was entitled to the statements of the complaining witness made at the first hearing to determine testimonial capacity for use at the second such hearing, which was held immediately before the complaining witness's trial testimony.

Although a defendant usually has an unlimited right to be present personally during essential proceedings of a trial (*see,* CPL 260.20), this is only a qualified right with respect to attendance at ancillary proceedings. Such qualified right rests upon the effect that the defendant's absence might bear upon the opportunity to defend against the charges brought. Thus, it is the nature of the proceeding that determines whether the defendant may be excluded. As the intended purpose of a hearing under CPL 60.20 is to determine a witness's testimonial capacity, it is patent that such a proceeding is not germane to the basic issues at trial (*see, Kentucky v Stincer,* 482 US 730, 741). The identification of the name of the bus company, "La-Salle", which provides the bus that the complaining witness uses, clearly bears no substantial relationship to the defendant's opportunity and ability to defend at trial.

Since the defendant did not have an absolute right to be present at the second hearing to determine testimonial capacity, the minutes of the first such hearing do not constitute *Ro-*

*sario* material (*see, People v Morales*, 80 NY2d 450, *supra*). The defendant, therefore, was not deprived of a fair opportunity to cross-examine the complaining witness at the second hearing to determine testimonial capacity.

It is noted that the People and the defendant are at odds with each other as to whether the minutes of the first hearing to determine testimonial capacity should have been made available to the defendant as part of the Grand Jury process.

Under statutory protocol, a hearing to determine testimonial capacity conducted by a court is dissimilar to one held before Grand Jury testimony is to be taken since the determination as to the competency of a witness to testify at a Grand Jury hearing is made by the District Attorney (*see*, CPL 190.30 [6]; *People v Groff*, 71 NY2d 101). Additionally, the People contend that the first hearing to determine testimonial capacity, which was conducted in open court, was not part of secret Grand Jury proceedings.

The People assert that they were not in possession of the hearing minutes in question at the time the defendant requested that they be provided. Under these circumstances, the People argue that since the District Attorney had no immediate access to the minutes and the defendant had an equal right of access to them, there was no *Rosario* violation (*see, People v Kelly*, 88 NY2d 248, 252; *People v Fishman*, 72 NY2d 884; *People v Tchilingurian*, 163 AD2d 436).

Since the testimony from the first hearing to determine testimonial capacity was not *Rosario* material, it is unnecessary to determine whether the minutes thereof were available to the defendant. In these circumstances, thus, there is no need to resolve the question of whether the minutes were properly excluded from the scope of the *Rosario* rule on the separate ground that they were not in the possession or control of the People.

Furthermore, there is no merit to the defendant's contention that the People's failure to provide the complainant's 1994 psychiatric evaluation report violated his right to *Rosario* material inasmuch as the report was not in the People's possession (*see, People v Washington*, 86 NY2d 189; *People v Tissois*, 72 NY2d 75; *People v Berkley*, 157 AD2d 463).

Lastly, the sentence imposed upon the defendant for this predatory sexual assault upon a mentally-impaired victim was neither harsh nor excessive.

Accordingly, I would affirm the judgment.