■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GARLAND, Appellant. [670 NYS2d 782] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered July 1, 1996, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

In this case resulting from two separate sales of controlled substances, the defendant maintains that there was legally insufficient evidence of his guilt. However, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Nevertheless, the defendant argues that a new trial is mandated since the People refused to turn over to the defense certain "computer generated forms" which he requested, and which constituted *Rosario* material under the circumstances of this case. The defendant is correct (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), and a new trial is required, preceded by disclosure (*see, People v Branch,* 80 NY2d 610, 615; *People v Martinez,* 71 NY2d 937, 940; *People v Jones,* 70 NY2d 547, 555).

In light of our determination, we do not reach the defendant's remaining contentions. Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.