■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SYDNOR, Appellant. [682 NYS2d 615] —Appeal by the defendant from a judgment of the County Court, Westchester County (Eidens, J.), rendered October 13, 1995, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the record of the plea allocution demonstrates that the plea was factually and legally sufficient, and that the defendant knowingly and voluntarily entered his plea of guilty. Miller, J. P., Thompson, Pizzuto, McGinity and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHIM VALENTINE, Appellant. [681 NYS2d 340] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered May 27, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The undercover officer's written reports which referenced the targetted house where previous drug transactions had taken place, and his observations of the defendant prior to the date of the arrest, were the subject matter of the officer's testimony at trial and, as such, constituted *Rosario* material (*see,* CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866; *People v LaSalle,* 243 AD2d 490). Thus, the failure of the People to turn over these documents to the defense constituted a *Rosario* violation requiring a reversal of the defendant's conviction and a new trial (*see, People v Banch,* 80 NY2d 610; *People v Garland,* 249 AD2d 414).

In light of our determination, we need not reach the defendant's remaining contentions. Pizzuto, J. P., Joy, Goldstein and Luciano, JJ., concur.