■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BROWNIE EPPS, Appellant.—Judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered April 30, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, and sentencing him to concurrent prison terms of 5 to 10 years, unanimously affirmed.

Defendant's contention that the prosecutor became an unsworn witness against him is both unpreserved and without merit. The Assistant District Attorney's (ADA) simple correction of a misplaced direction indicator on a diagram of the crime scene did not attach undue weight to the views of the prosecutor. The discrepancy between the number of people

arrested and the number of arrests in the police officer's daily activity report was raised by defense counsel and therefore, the ADA was entitled to clarify on re-direct examination that the officer had always maintained that only two individuals had been arrested, and that any third arrest involved a separate incident *(see, People v Melendez,* 55 NY2d 445, 451).

The prosecutor's summation remarks did not deprive defendant of a fair trial. They were an appropriate response to defense counsel's assertion that the police officers had staged the arrest in order to enhance their records for promotion. The ADA's remarks sought to focus the jury's attention on what she considered to be the real issues in the case *(see, People v Morris,* 159 AD2d 388, 388-389, *lv denied* 76 NY2d 793). While this Court has disapproved of summation comments by the People that "analogiz[e] defense counsel to a magician performing magic tricks" *(People v Torres,* 171 AD2d 425, *lv denied* 77 NY2d 1001), the error, if any, was harmless in light of the overwhelming evidence of defendant's guilt *(supra).*

We agree with the trial court that the police officer's Grand Jury statement did not constitute a prior inconsistent statement that could be used at trial for impeachment purposes. The officer testified at trial as to the recovery of crack vials *and* currency from defendant. While the officer did not state at the Grand Jury that currency had been recovered from defendant, the testimony merely omitted a fact about which the officer had not been specifically questioned *(see, People v Vega,* 169 AD2d 586, 586-587).

We have considered defendant's remaining contention and find it to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Ross and Rubin, JJ.