■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN ANDERSON, Appellant. [613 NYS2d 612] —Judgment, Supreme Court, New York County (Renee White, J.), rendered December 16, 1992, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to a prison term of 3 to 6 years, unanimously affirmed.

The court properly denied defendant's *Batson v Kentucky* (476 US 79) challenge to the prosecutor's peremptory challenges to three black prospective jurors on the ground that the prosecutor had offered sufficient non-pretextual, race-neu-

tral reasons for those challenges *(People v Hernandez,* 75 NY2d 350, *affd* 500 US 352).

Defendant's argument that the prosecutor intentionally violated *Brady v Maryland* (373 US 83) by failing to disclose a witness's prior conviction, and by failing to provide discovery as to the facts of that prior conviction is unpreserved (CPL 470.05 [2]), and we decline to reach it in the interest of justice. Were we to review, we would find that the prosecutor provided information regarding the witness's prior conviction as required by law.

Defendant's argument that his trial counsel was improperly precluded from asking a prosecution witness whether he had failed to inform the Grand Jury that he possessed a knife at the time of defendant's arrest lacks merit since the witness's attention was never specifically drawn to this matter during the Grand Jury proceedings *(People v Epps,* 190 AD2d 630, *lv denied* 81 NY2d 1013).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Ross, Nardelli and Tom, JJ.