■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK ENOCH, Appellant. [634 NYS2d 65] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered June 25, 1993, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 10 to 20 years, unanimously affirmed.

The trial court properly found that the People had made reasonable efforts to locate defendant, and that defendant's absence from the trial proceedings following the court's delivery of preliminary instructions to the jury and a short lunch and recess, indicated that defendant had voluntarily absconded (see, People v Jones, 163 AD2d 203, lv denied 76 NY2d 987). Although defendant was arrested subsequent to his failure to appear in court, because he had already been absent from the court for a substantial period when he was arrested and did not notify the authorities that he was then on trial, the arrest did not nullify the trial court's finding that defendant had forfeited his right to be present by absconding during the proceedings (supra).

Defendant did not preserve by appropriate and timely objection his current claim of a Brady violation in connection with the disclosure of the complainant's psychiatric condition and treatment (People v Anderson, 205 AD2d 399, lv denied 84 NY2d 932). In any event, defendant was advised of the complainant's psychiatric condition and medication prior to the commencement of the People's case, and fully cross-examined the witness regarding any possible effects thereof on his testimony. Thus, as defendant was given a meaningful opportunity to use the purportedly exculpatory material, there was no violation of his constitutional right to a fair trial (People v Cortijo, 70 NY2d 868). Further, the trial court appropriately exercised its discretion in refusing to direct the prosecution to

provide unspecified information so that defense counsel might subpoena unspecified medical records of the complainant. There was no showing that any of the complainant's medical records would have been likely to contain any additional information relevant to the issues before the jury (*see, People v Gissendanner*, 48 NY2d 543, 548-550).

Defendant did not preserve by appropriate and timely objection his current claims of error regarding alleged evidence of prior uncharged crimes or bad acts (CPL 470.05). In any event, the testimony complained of was properly admitted as relevant background to explain the actions of the police leading to defendant's arrest (*see, People v Rivera*, 186 AD2d 504, 505). Additionally, mere speculation that a jury may discern something sinister about a defendant's behavior does not render such behavior an uncharged crime (*People v Flores*, 210 AD2d 1, 2, *lv denied* 84 NY2d 1031).

Defendant's additional claims of error are for the most part unpreserved and in any event are without merit. Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.