■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SUAREZ, Appellant. [735 NYS2d 508] —Judgment, Supreme Court, Bronx County (Peter Benitez, J.), rendered June 17, 1998, convicting defendant, after a jury trial, of robbery in the second degree and burglary in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

The court properly precluded defendant from eliciting from an officer that, upon his arrest, defendant requested that a fingerprint analysis be performed on the imitation pistol in question. In any event, the court's ruling could not have caused defendant any prejudice, particularly since defendant was permitted to introduce similar evidence during his own testimony.

The court properly exercised its discretion (*see, People v Duncan*, 46 NY2d 74, 80-81, *cert denied* 442 US 910; *see also, Delaware v Van Arsdall*, 475 US 673, 678-679) in ruling that a police witness could not be impeached by his omission from his Grand Jury testimony of a fact to which he testified at trial. Since he had not been specifically questioned about that fact while testifying before the Grand Jury, his Grand Jury testimony did not constitute a prior inconsistent statement (*People v Bornholdt*, 33 NY2d 75, 88, *cert denied sub nom. Victory v New York*, 416 US 905; *People v Epps*, 190 AD2d 630, *lv*

*denied* 81 NY2d 1013). The officer's failure to volunteer this information before the Grand Jury was not an unnatural omission, and impeachment on that basis was inappropriate (*compare*, *People v Montalvo*, 285 AD2d 384).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see*, *People v Rosen*, 96 NY2d 329, *cert denied* — US —, 151 L Ed 2d 160).

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Tom, Andrias, Ellerin and Wallach, JJ.