THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ, Appellant. [27 NYS3d 50]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered April 5, 2012, convicting defendant, after a jury trial, of assault in the first degree (two counts), criminal use of a firearm in the first degree (two counts), and reckless endangerment in the second degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion, made after the prosecutor asked a detective whether he had shown the victim any photographs (not necessarily of defendant). The court had sustained defendant's objection, and the prosecutor's unanswered question was not evidence. Moreover, the question did not imply that defendant had a criminal record or otherwise concern uncharged

crimes (*see People v Enoch*, 221 AD2d 253, 254 [1st Dept 1995], *lv denied* 88 NY2d 965 [1996]).

Defendant's remaining uncharged crimes claims are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits, since the testimony that defendant had sold marijuana to certain witnesses was probative in establishing that the witnesses were sufficiently familiar with defendant to be able to identify him as the person who fired shots in a crowded area under hectic circumstances (*see generally People v Morris*, 21 NY3d 588, 594 [2013]); and the remaining testimony at issue did not involve any uncharged crimes (*see Enoch*, 221 AD2d at 254).

By failing to object, by making only generalized objections, and by failing to request further relief after objections were sustained, defendant failed to preserve his present challenges to the People's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]). Defendant has not established that his attorney's lack of proper objections deprived him of the effective assistance of counsel.

The court properly exercised its discretion in denying defense counsel's request for a missing witness charge. The request was untimely (*see People v Alamo*, 202 AD2d 349 [1st Dept 1994], *lv denied* 84 NY2d 822 [1994]), and defendant failed to show that the witnesses would have provided material noncumulative evidence, or that they could be presumed to favorable to the People (*see generally People v Gonzalez*, 68 NY2d 424, 428 [1986]). In any event, the court permitted defense counsel to make a missing witness argument.

Moreover, any impropriety involving any of the above issues was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Sweeny, J.P., Renwick, Moskowitz and Gische, JJ.