■ The People of the State of New York, Respondent, v Mario Castro, Appellant. [39 NYS3d 422]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered August 14, 2013, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court's *Molineux* ruling was a proper exercise of discretion. Although the court initially precluded the People from eliciting that defendant had previously committed a burglary with the other two perpetrators of the charged crime, the court properly permitted the People to ask a witness about that incident to clarify testimony elicited on cross-examination. That witness played a similar role in the prior burglary as he did in the burglary in the instant case, namely, planning the incident with the other two, targeting a building with which he was familiar, and staying away from the scene while the other two committed the burglary. In the absence of this information, the witness's testimony about the manner in which he planned the instant offense with the other two could have seemed confusing or implausible (*see People v Massie*, 2 NY3d 179, 184 [2004]; *People v Rojas*, 97 NY2d 32 [2001]). Nor does it avail defendant to challenge the testimony of another witness, who did not actually refer to any uncharged crimes (*see People v Hernandez*, 137 AD3d 603, 603-604 [1st Dept 2016], *lv denied* 27 NY3d 1133 [2016]; *see People v Enoch*, 221 AD2d 253, 254 [1st Dept 1995], *lv denied* 88 NY2d 965 [1996]). Moreover, any error in the court's ruling was harmless in light of the overwhelming evidence of defendant's guilt, as well as the implausibility of his defense (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant did not preserve his contentions that the court

should have given an accomplice corroboration charge and that the prosecutor should have corrected a witness's allegedly false testimony, and we decline to review them in the interest of justice. As an alternative holding, we find that there was no need for an accomplice charge, nor was there any "false" testimony to correct, and that any error was harmless in any event. We have considered and rejected defendant's other argument concerning the court's charge.

We perceive no basis for reducing the sentence, or running it concurrently with defendant's sentence on another conviction. Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.