People v Cherry

2026 NY Slip Op 02070

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Charles Cherry, Appellant.

Decided and Entered: April 07, 2026

Ind. No. 860/20|Appeal No. 6284|Case No. 2023-01107|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

Criminal Appeals Advocates, P.C., New York (Lauren E. Allu of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Mary McGarvey-DePuy of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Steven Hornstein, J.), rendered January 24, 2023, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of five years, unanimously affirmed.

The evidence of defendant's guilt, which included DNA evidence linking defendant to the recovered gun and an eyewitness identification by an officer who knew defendant by name from prior interactions, was legally sufficient and the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, 43 NY3d 26 [2024]).

Defendant's various claims of trial error are unavailing. The court submitted two counts for the jury's consideration — criminal possession of a weapon in the second degree (Penal Law § 265.03[3]) and criminal possession of a firearm (Penal Law § 265.01-b[1]). Contrary to defendant's contention, the court providently submitted the non-inclusory concurrent count of criminal possession of a firearm (see CPL 300.40[3][a]; People v Leon, 7 NY3d 109, 113 [2006]).

The court also providently denied defendant's application for a missing witness charge for an officer who was fired by the NYPD and prosecuted by the Bronx County District Attorney's Office (see People v Hernandez, 137 AD3d 603, 604 [1st Dept 2016], lv denied 27 NY3d 1133 [2016]).

The court properly admitted a 911 call, and the statement of a non-testifying officer captured in the body-worn camera footage of other officers, under the present sense impression exception to the hearsay rule because both described "substantially contemporaneous observations of the incident" (People v Rodriguez, 166 AD3d 459, 460 [1st Dept 2018], lv denied 32 NY3d 1209 [2019]). Admission of these statements, which were not "'procured with a primary purpose of creating an out-of-court substitute for trial testimony'" (People v Pealer, 20 NY3d 447, 453 [2013], cert denied 571 US 846 [2013], quoting Michigan v Bryant, 562 US 344, 358 [2011]) did not violate defendant's rights under the Confrontation Clause (see Crawford v Washington, 541 US 36, 53-54 [2004]).

The court also did not err in ruling that defendant voluntarily waived his right to trial by a jury of 12 and granting his request to proceed with a jury of 11, where defendant signed a written waiver in open court (see People v Gajadahar, 9 NY3d 438 [2007]).

Finally, to the extent that the existing record permits review, defendant was not deprived of the effective assistance of counsel under either the state or federal standard (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026